## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TC TECHNOLOGY LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>SPRINT CORPORATION AND SPRINT SPECTRUM, L.P., )<br><br>Defendants. ) | C.A. No.  16-153-RGA<br><br>**JURY TRIAL DEMANDED** |

### ~~PROPOSED~~ SCHEDULING ORDER

This *24* day of *August*, 2016, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Initial Disclosures and Discovery.  Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before October 3, 2016.  The parties shall also make the disclosures described in Paragraph 3 of the Default Standard for Discovery, including the Discovery of Electronically Stored Information ("ESI") on or before October 3, 2016.

b.      Discovery Protocols. The parties shall meet and confer and exchange their proposals for Discovery, including Discovery of ESI, and a Protective Order on or before September 9, 2016.  The parties shall submit a stipulated ESI order on or before September 23, 2016.

2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before May 12, 2017.

3.      Discovery.

a.      Discovery Cut Off. All fact discovery in this case shall be initiated so that

it will be completed on or before September 22, 2017.

b.      Document Production. Document production shall be substantially

complete by June 23, 2017.

c.      Interrogatories. A maximum of 25 interrogatories, including contention

interrogatories, are permitted for each side.

d.      Depositions.

i.      Limitation on Hours for Fact Deposition Discovery. Each side is

limited to a total of one hundred (100) hours of taking deposition upon oral examination of fact

witnesses, including third parties, with a maximum of seven (7) depositions of individual party

witnesses pursuant to Rule 30(b)(1) and with all party depositions, including depositions

pursuant to Rule 30(b)(6), totaling no more than (70) seventy hours. Each witness shall be

presumptively limited to seven (7) hours of testimony in a single day. The number of deposition

hours and length of depositions may be modified by agreement of the parties or further order of

the Court.

ii.      Expert Deposition Discovery. After service of expert reports, each

side is limited to a total of seven (7) hours of deposition testimony of each testifying expert that

shall presumptively be limited to a single day. As an exception to this rule, each side is limited

to a total of fourteen (14) hours of deposition testimony of each technical expert testifying on

both validity (or invalidity) and infringement (or non-infringement) issues, and such deposition

2

testimony shall presumptively be limited to seven (7) hours regarding the topic of validity (or invalidity) occurring on a first day and seven (7) hours regarding the topic of infringement (or non-infringement) occurring on a second day. The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court.

        iii.     Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. As an exception, the parties agree that the deposition of a representative who is not currently employed, and was not formerly employed, by the party filing the civil action and who resides or works in the United States will take place, at the election of the representative, in this district, at a location where the witness resides or at another mutually agreeable location. Additional exceptions may be made by order of the Court or by agreement of the parties.

Any other party or representative, and any third party, shall be deposed at a location where the witness resides or at another mutually agreeable location.

A Defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        e.     Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument,

3

any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    4.    <u>Initial Discovery in Patent Litigation.</u>[1]

    a.    On or before September 29, 2016, Plaintiff shall specifically identify the accused products, services, systems, apparatuses, processes, methods, acts, or other instrumentalities ("Accused Products") and the asserted claims of the patent-in-suit allegedly infringed by each such Accused Product, and produce the file history for the patent-in-suit.

    b.    On or before October 27, 2016, each Defendant shall produce or make available for inspection to the Plaintiff the core technical documents sufficient to show the structure and operation of any respective Accused Product, including but not limited to operation manuals, product literature, and specifications.

    c.    On or before December 1, 2016, Plaintiff shall provide to each Defendant its initial "Infringement Contentions" comprising claim charts relating each Accused Product to each asserted claim that each Accused Product allegedly infringes.

    d.    On or before January 9, 2017, each Defendant shall provide to the Plaintiff its initial "Invalidity Contentions" for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents).

---

[1] These disclosures are "initial" and each party shall be permitted to supplement.

5.      Application to the Court for Protective Order. Should counsel find it will be
necessary to apply to the Court for a protective order specifying terms and conditions for the
disclosure of confidential information, counsel should confer and attempt to reach an agreement
on a proposed form of order and submit it to the Court on or before September 23, 2016. Should
counsel be unable to reach an agreement on a proposed form of order, counsel must follow the
provisions of Paragraph 3(e) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated as confidential
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

6.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to
the Clerk an original and one copy of the papers. A redacted version of any sealed document
shall be filed electronically within seven days of the filing of the sealed document.

7.      E-mail Service. The parties have consented to service by email, in accordance
with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree that service on
any party by email shall be made on both local and national counsel of that party. The parties
also agree that, for purposes of computing deadlines for responses to pleadings or discovery
requests when such deadlines are triggered by service of a document, the additional three
(3) days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of
the manner of service.

8.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all
briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9.      Claim Construction Issue Identification. On or before March 9, 2017, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before April 6, 2017, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging these lists, the parties will meet and confer on or before April 20, 2017 to prepare a Joint Claim Construction Chart to be filed no later than May 4, 2017. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10.     Claim Construction Briefing. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on June 8, 2017. Each Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on June 22, 2017. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on July 13, 2017. Each Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on August 3, 2017. No later than August 10, 2017, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed Upon Constructions

II.   Disputed Constructions

A.    [TERM 1]
1.    Plaintiff's Opening Position
2.    Defendants' Answering Position(s)
3.    Plaintiffs Reply Position
4.    Defendants' Sur-Reply Position(s)

B.    [TERM 2]
1.    Plaintiffs Opening Position
2.    Defendants' Answering Position(s)
3.    Plaintiff's Reply Position
4.    Defendants' Sur-Reply Position(s)

Etc.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11.    <u>Hearing on Claim Construction</u>. Beginning at _9:00_ on August _31_, 2017, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

12.    <u>Disclosure of Expert Testimony</u>.

a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before November 30, 2017. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 18, 2018. Reply expert reports

from the party with the initial burden of proof are due on or before February 15, 2018. No other

expert reports will be permitted without either the consent of all parties or leave of the Court.

Along with the submissions of the expert reports, the parties shall advise of the dates and times

of their experts' availability for deposition. Depositions of experts shall be completed on or

before March 8, 2018.

    b.  Objections to Expert Testimony. To the extent any objection to expert

testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by

motion no later than the deadline for dispositive motions set forth herein, unless otherwise

ordered by the Court.

   13.  Case Dispositive Motions. All case dispositive motions, an opening brief, and

affidavits, if any, in support of the motion shall be served and filed on or before March 22, 2018.

No case dispositive motion under Rule 56 may be filed more than ten days before the above date

without leave of the Court.

   14.  Applications by Motion. Except as otherwise specified herein, any application to

the Court shall be by written motion. Any non-dispositive motion should contain the statement

required by Local Rule 7.1.1.

   15.  Pretrial Conference. Beginning at 9:00 on August 17th, 2018, the Court will hold a

Rule 16(e) final pretrial conference in Court with counsel. The parties shall file a joint proposed

final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third

business day before the date of the final pretrial conference. Unless otherwise ordered by the

Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the

preparation of the proposed joint final pretrial order.

16.     Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

18.     Trial.  This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on August 27th, 2018, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

19.     ADR Process.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE

9