# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TC TECHNOLOGY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 16-153-RGA |
| v. | ) |
| | ) REDACTED |
| SPRINT CORPORATION AND SPRINT | ) PUBLIC VERSION |
| SPECTRUM, L.P., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND COMPLAINT

Of Counsel:

Lawrence J. Gotts
Saswat Misra
LATHAM & WATKINS LLP
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Lawrence.Gotts@lw.com
Saswat.Misra@lw.com

Gabriel S. Gross
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628
Gabe.Gross@lw.com

Kevin L. Mallen
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200
Kevin.Mallen@lw.com

Kelly E. Farnan (#4395)
Katharine L. Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
Farnan@rlf.com
Mowery@rlf.com

*Attorneys for Plaintiff TC Technology LLC*

Stephanie N. Solomon
QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, NY
(212) 849-7000
stephanie.solomon@quinnemanuel.com

David S. Benyacar
Daniel L. Reisner
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
david.benyacar@arnoldporter.com
daniel.reisner@arnoldporter.com


Dated: September 28, 2018

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION .................................................................................................1

II.   BACKGROUND ....................................................................................................1

III.  LEGAL STANDARD ............................................................................................5

IV.  ANALYSIS .............................................................................................................6

      A.    TC Tech's First Amended Complaint Is Timely ........................................6

      B.    TC Tech's First Amended Complaint Would Not Prejudice Sprint .........8

      C.    TC Tech's Amendment Is Not Futile ........................................................10

V.   CONCLUSION ....................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Abbott Labs. v. Johnson & Johnson, Inc.*,
   524 F. Supp. 2d 553 (D. Del. 2007) ................................................................................... 5

*Ansell Healthcare Prod. LLC v. Reckitt Benckiser LLC*,
   No. 15-cv-915, 2018 WL 620968 (D. Del. Jan. 30, 2018) ................................................ 11

*Bio-Rad Labs. Inc. v. Thermo Fisher Sci., Inc.*,
   267 F. Supp. 3d 499 (D. Del. 2017) .............................................................................. 11, 12

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
   No. 11-cv-54, 2013 WL 571801 (D. Del. Feb. 13, 2013) ................................................... 8

*Cavi v. Evolving Sys. NC, Inc.*,
   No. 15-cv-1211, 2018 WL 2372673 (D. Del. May 24, 2018) ............................................ 9

*Cornell University v. Illumina, Inc.*,
   No. 10-cv-433, 2016 WL 3046258 (D. Del. May 27, 2016) ............................................. 7

*Enzo Life Sciences., Inc. v. Digene Corp.*,
   270 F. Supp. 2d 484 (D. Del 2003) ..................................................................................... 7

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................................ 5

*Grayson v. Mayview State Hosp.*,
   293 F.3d 103 (3d Cir. 2002) ............................................................................................... 5

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
   615 F.3d 159 (3d Cir. 2010) ............................................................................................. 10

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
   136 S. Ct. 1923 (2016) ...................................................................................................... 11

*Heritage Handoff Holdings, LLC v. Fontanella*,
   No. 16-cv-691, 2018 WL 3580288 (D. Del. July 25, 2018) ........................................... 6, 9

*In re Burlington Coat Factory Secs. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ............................................................................................. 5

*Intel Corp. v. Future Link Sys., LLC*,
   268 F. Supp. 3d 605 (D. Del. 2017) ................................................................................. 12

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  No. 13-cv-453, 2016 WL 4690384 (D. Del. Sept. 7, 2016) .................................................. 7, 8

*Koken v. GPC Int'l, Inc.*,
  443 F. Supp. 2d 631 (D. Del. 2006) ...................................................................................... 10

*Nanosys, Inc. v. QD Vision, Inc.*,
  No. 16-cv-01957, 2016 WL 4943006 (N.D. Cal. Sept. 16, 2016) ......................................... 11

*Netgear Inc. v. Ruckus Wireless, Inc.*,
  852 F. Supp. 2d 470 (D. Del. 2012) ................................................................................. 10, 11

*Roquette Freres v. SPI Pharma, Inc.*,
  No. 06-cv-540, 2009 WL 1444835 (D. Del. 2009) ............................................................. 6, 8

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000) .................................................................................................. 10

*Valinge Innovation AB v. Halstead New England Corp.*,
  No. 16-cv-1082, 2018 WL 2411218 (D. Del. May 29, 2018) ............................................... 11

*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) .................................................................................................. 10

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 10

FED. R. CIV. P. 15(a) ................................................................................................................. 5, 10

## I. INTRODUCTION

Based on the recently obtained testimony of Sprint's in-house patent counsel, TC Tech has learned that, contrary to Sprint's claim that ████████████████████████████████ Sprint ████████████████████████████████████████████████████████. In particular, as recent deposition testimony confirmed, Sprint's General Counsel ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Yet Sprint did nothing to inquire about or negotiate a license or avoid infringement, instead choosing to move full speed ahead with its infringing LTE network. Given these newly discovered facts, TC Tech's diligence, and the lack of any prejudice to Sprint, TC Tech should be permitted to amend its Complaint to add willfulness.

## II. BACKGROUND

TC Tech filed this lawsuit in March 2016, alleging that Sprint infringed TC Tech's '488 Patent by offering certain wireless services on its LTE network.  In September 2016, TC Tech served an interrogatory asking Sprint to "[s]tate in detail the circumstances surrounding your first awareness of the Patent(s)-In-Suit" including "the date when you first became aware of the patent" and "the circumstances and events surrounding how you first became aware of the patent."  (Ex. 4.)  At that time, Sprint ████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████

   More than a year later, on December 22, 2017, Sprint amended its interrogatory response to disclose, for the very first time, that it ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████ (Ex. 6 at 2-4.)

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

███████████████████████████████████████████████

2

███████████████████████████████████████

███████████████████████████████████████

██████—Sprint's two largest competitors, who had both already launched their respective LTE networks as of this January 2012 timeframe. (Ex. 1 at ¶¶ 40, 41.)

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██

After receiving the amended response, TC Technology promptly subpoenaed Mr. Wunsch, Mr. Ball and Mr. Cowan for depositions on January 15, 16, and 17, respectively. Sprint accepted service of the subpoenas, but stated that "none of them are available for the notice date," and so offered to "follow up on logistics" for the depositions. Despite its representation, Sprint did not follow up or offer any dates for these witnesses in January, February, March or April of 2018.

In May, TC Tech served a 30(b)(6) notice on Sprint seeking information regarding Sprint's first awareness of the '488 Patent and the bases for Sprint's amended interrogatory response. Sprint responded that it would designate Mr. Ball as its 30(b)(6) witness and offered dates for Mr. Ball's deposition in mid-July. TC Tech deposed Mr. Ball on July 18, 2018.

During Mr. Ball's deposition, it became clear that Sprint's interrogatory response was at

3

best incomplete and at worst misleading. ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ Further, Sprint's interrogatory response

failed to disclose that ████████████████████████████████████████████

████████████████████████████████████████████████████████████ (Ex. 7 at

196:9-197:3.) TC Tech thus wrote Sprint two days after Mr. Ball's deposition, on July 20, asking

Sprint to correct its interrogatory response, which asserted with no factual basis that ██████████

████████████████████████████ (Ex. 8.) Sprint refused.

    The record shows that Sprint (1) first claimed ████████████████████████████

████ (2) changed its story over a year later, and claimed that ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ and

(3) changed its story yet again when Mr. Ball ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

    From these shifting, inconsistent stories and convenient failures of memory, it is more than

reasonable to infer that Sprint did, in fact, know about the '488 Patent and its applicability to its

LTE network since 2012, yet launched its infringing network anyway, and now is relying on

unsupported witness testimony to obscure these damning facts. While Sprint will surely dispute

this, and will argue that the ████████████████████████████████ could not constitute notice

4

of infringement, this only underscores that Sprint's willfulness is a disputed issue for the jury to resolve at trial.

TC Tech received Mr. Ball's final deposition transcript on August 2, 2018, and wrote to Sprint on August 13 stating its intention to amend its complaint to add willfulness, and asking Sprint for its availability to meet and confer on the issue. (Ex. 9.). After exchanging further written correspondence, counsel for TC Tech and Sprint telephonically met and conferred on August 29, 2018. Sprint indicated that it would oppose the motion, and so TC Tech hereby moves for leave to amend its Complaint.

### III.    LEGAL STANDARD

Leave to amend is liberally granted. After a responsive pleading is served, a party may amend its pleading by "the court's leave," and the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). Unless evidence of undue delay, bad faith, dilatory motive, or futility of the amendment exists, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Indeed, the Third Circuit has recognized that, unless these reasons are present, denying a motion for leave to amend would be an abuse of the Court's discretion. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Moreover, "[t]he Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits rather than on technicalities." *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007) (internal quotation marks omitted).

To that end, Courts routinely modify scheduling orders under Federal Rule of Civil Procedure 16(b)(4) to allow parties to amend their pleadings, even after the amendment deadline, upon a showing that the current scheduling order could not reasonably be met despite diligence on

behalf of the moving party. *See Roquette Freres v. SPI Pharma, Inc.*, No. 06-cv-540, 2009 WL 1444835, at *3-6 (D. Del. 2009) (finding good cause for leave to amend under Rule 16(b)(4) in view of recently discovered deposition testimony where the scheduling order had already been modified several times to serve the interests of the parties); *see also Heritage Handoff Holdings, LLC v. Fontanella*, No. 16-cv-691, 2018 WL 3580288, at *1-2 (D. Del. July 25, 2018) (finding that the moving party was sufficient diligent under Rule 16(b)(4), despite the moving party's possession of relevant facts prior to the expiration of the deadline to amend).

## IV. ANALYSIS

### A. TC Tech's First Amended Complaint Is Timely

TC Tech's Amended Complaint is timely because TC Tech has been diligent in discovering and developing the factual predicate for its willfulness claim, which supports a finding of good cause to amend.

First, TC Tech could not have moved to amend its Complaint by the Court's deadline. The deadline to amend the pleadings in this case was May 12, 2017. (*See* D.I. 14.) Sprint, however, did not amend its interrogatory response to disclose its pre-suit knowledge of the '488 Patent until December 22, 2017, and did not provide Mr. Ball for deposition until July 18, 2018. This was despite the fact that TC Tech's interrogatory was served in 2016—i.e., more than six months before the amendment deadline. Given that the relevant facts about Sprint's own knowledge of the patent were solely within Sprint's possession, Sprint should not be heard to argue that TC Tech's amendment should be denied as untimely; Sprint withheld the information on which TC Tech could base its claim until after the deadline for amending pleadings.

Second, TC Tech has been diligent in pursuing the factual bases for its willfulness claim. As detailed above, TC Tech subpoenaed the relevant individuals within days of receiving Sprint's amended interrogatory response and served targeted 30(b)(6) topics to obtain the information

6

necessary to be able to bring a willfulness claim well within the time left for fact discovery. Sprint, however, did not respond to TC Tech's request for dates for Mr. Ball's depositions for months, and when it did, offered deposition dates that were all within 9 days of the then-close of fact discovery in mid-July 2018. Thus, it was Sprint, not TC Tech, that waited until the very tail end of fact discovery to provide TC Tech with the long-requested and timely-sought information TC Tech needed to evaluate its potential willfulness claim.

Further, TC Tech followed up with Sprint about the inconsistencies between Mr. Ball's testimony and its amended interrogatory response just two days after his deposition, and asked Sprint to meet and confer on TC Tech's proposed amendment approximately ten days after receiving Mr. Ball's final transcript. And TC Tech files this motion less than one month after that meet and confer took place and just eleven days after filing opening expert reports.

Courts routinely permit parties to amend their pleadings after the amendment deadline in situations like this. *See, e.g.*, *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-cv-453, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016) (granting motion for leave to amend filed three months after close of fact discovery because relevant information was discovered in a recent deposition); *Enzo Life Sciences., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489-490 (D. Del 2003) (allowing defendant to amend its pleading to add affirmative defenses and counterclaims of inequitable conduct six months after the deadline and after the close of fact discovery, when the delay was sufficiently explained and justified). In *Cornell University v. Illumina, Inc.*, for example, the court granted leave to amend to add an inequitable conduct defense even though the motion was filed over seven weeks after the close of fact discovery. No. 10-cv-433, 2016 WL 3046258, at *5 (D. Del. May 27, 2016). In so holding, the Court relied on the fact that the defendant only learned of the facts underlying its inequitable defense through depositions that took place after the deadline

to amend the pleadings (although several months before the close of discovery), explaining that the defendant "worked diligently to obtain and confirm facts to support its inequitable conduct affirmative defense" and "filed its amendment soon after it was able to satisfy the pleading requirements." *Id.* at *5. Here too, TC Tech worked diligently to obtain and confirm facts to support its willfulness claim, and so there is good cause to grant leave to amend.

### B. TC Tech's First Amended Complaint Would Not Prejudice Sprint

Further, there would be no prejudice to Sprint should TC Tech be permitted to amend. First, TC Tech's willfulness claim turns solely on information exclusively within the possession and control of Sprint itself. As courts have explained, there is no prejudice in allowing a party to amend in these situations, as the non-moving party does not need any additional discovery to prepare its response. In *Roquette Feres v. SPI Pharma, Inc.*, for example, this Court allowed a defendant to amend to add a defense of inequitable conduct past the amendment deadline because "[i]nformation regarding the inventors' knowledge and what they did or did not do regarding the patent specification and their representations to the PTO would primarily be within the control of [plaintiff]." No. 06-cv-540, 2009 WL 1444835, at *5 (D. Del. May 21, 2009); *see also, e.g., Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-cv-54, 2013 WL 571801, at *3 (D. Del. Feb. 13, 2013) (no prejudice from a late amendment because "[i]nformation regarding its own inequitable conduct lies largely with plaintiff").

That's the situation here. Information regarding Sprint's own willfulness lies entirely with Sprint. Thus, Sprint cannot claim that it needs any additional discovery, or that it is prejudiced by any alleged delay in bringing the claim. This is not a case, for instance, where TC Tech claims that it spoke to a now-deceased Sprint employee, and so Sprint needs information from TC Tech to be able to evaluate and prepare its defense. To the contrary, TC Tech had no involvement in or knowledge of Sprint's willful infringement until TC Tech received Sprint's amended its

8

interrogatory response in December 2017 and deposed Mr. Ball in July 2018. The relevant information is exclusively within Sprint's control, meaning no additional discovery is needed.

Second, Sprint cannot demonstrate prejudice because TC Tech's willfulness claim is closely tied to TC Tech's infringement case and Sprint's existing defenses, on which Sprint already has conducted extensive relevant discovery. Sprint has already deposed, for instance, two separate employees of the third-party patent broker IAG ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Further, Sprint subpoenaed IAG requesting documents related to the '488 Patent and ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, as well as IAG's corporate testimony on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ (Ex. 10.) The corporate deposition alone spanned the better part of a day, during which Sprint questioned IAG extensively ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thus, no additional discovery is required. This factor also points in favor of granting TC Tech leave to amend. *See, e.g.*, *Cavi v. Evolving Sys. NC, Inc.*, No. 15-cv-1211, 2018 WL 2372673, at * 2 (D. Del. May 24, 2018) (finding no prejudice in granting leave to amend where the proposed claims were "closely related" to issues already in the case); *cf. Heritages Handoff Holdings,* 2018 WL 3580288, at *2 (granting leave to amend in part, but denying leave as to claims that were "wholly unrelated to any of the issues that have thus far been part of this case," since such claims would require significant new discovery).

Third, fact depositions and related discovery is still ongoing. As noted in the current scheduling order, while fact discovery "closed" on July 20, 2018, the parties agreed to extend fact discovery to complete 8 to 9 additional depositions that had not yet taken place. (D.I. 222.) Indeed, as of the filing of this Motion, Sprint has yet to depose even a single witness from TC Tech or its parent companies TWC or Cox. Thus, if Sprint believes it needs additional information from

9

Plaintiff about the willfulness claim, Sprint is free to depose TC Tech's witnesses on any knowledge Sprint believes they may have.[1]

### C. TC Tech's Amendment Is Not Futile

In addition, TC Tech's proposed amendment is not futile. An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). The standard for assessing futility of amendment under Fed. R. Civ. P. 15(a) is the same standard of legal sufficiency applicable under Fed. R. Civ. P. 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Specifically, the amended pleading must fail to state a claim upon which relief could be granted even after the district court "tak[es] all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010).

In order to plead willful infringement, a plaintiff must plead facts that, taken as true, give rise to a plausible inference that "defendant knew or should have known that its conduct would likely infringe a valid patent." *Netgear Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 477 (D. Del. 2012). Under Delaware law, this standard is met when the complaint alleges that the "'defendant had pre-filing knowledge of the [patent-in-suit]" and alleges that the defendant "infringed and continues to infringe the patent." *Id*. Further, as in an inducement case, "willful blindness c[an] similarly stand in to satisfy the defendant's knowledge requirement." *Ansell Healthcare Prod. LLC v. Reckitt Benckiser LLC*, No. 15-cv-915, 2018 WL 620968, at *7 (D. Del.

---

[1] If, despite this, Sprint can demonstrate it has somehow been deprived of any discovery related to its own willfulness, the obvious remedy is to permit limited additional discovery on the issue, not to deny TC Tech the opportunity to amend its complaint in light of newly discovered information.

Jan. 30, 2018). In addition, while the Supreme Court's decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016) clarified the standard judges should apply when enhancing damages following a finding of willfulness, "*Halo* did not address pleading standards at the motion to dismiss stage." *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-cv-01957, 2016 WL 4943006, at *8 (N.D. Cal. Sept. 16, 2016). Thus, at the pleading stage, plaintiffs need only "alleg[e] that the accused infringer's actions were 'subjectively willful,' not necessarily that the case is an 'egregious case' justifying enhanced damages.'" *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-cv-1082, 2018 WL 2411218, at *6 (D. Del. May 29, 2018) (internal brackets omitted); *see also Bio-Rad Labs. Inc. v. Thermo Fisher Sci., Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017) ("At the pleading stage, it is not necessary to show that the case is egregious.").

Here, TC Tech's proposed Amended Complaint alleges ample facts demonstrating Sprint's pre-suit knowledge of the '488 Patent and subjective intent to infringe. The Amended Complaint alleges (1) that Sprint ███████████████████████████████████ (Ex. 1 at ¶ 37), (2) that ███████████████████████████████████ Ex. 1 ¶¶ 39-41), (3) Sprint ███████████████████████████████████ (Ex. 1 ¶¶ 42-44), and (4) Sprint nonetheless decided to launch its infringing LTE network six months later, without any attempt to design around the patent or negotiate for a license in good faith (Ex. 1 ¶ 45). Nothing more is required.

Further, as a more general matter, Sprint was aware that ███████████████████████████████████

11

███████████████████████████████████████████████████

███████  (Ex. 1 at ¶ 36.)  Yet Sprint ████████████████████████

████████████████████████████████  (*Id.*)  To the contrary, ████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████  (*Id.*)  These facts alone demonstrate that amendment would not be futile. *See, e.g.*, *Intel Corp. v. Future Link Sys., LLC*, 268 F. Supp. 3d 605, 623 (D. Del. 2017) (denying summary judgment of non-willfulness where company personnel admitted that "they avoid reviewing other, non-Intel patents so as to avoid willfully infringing them" and there was a "lack of evidence of Intel ever investigating if its products infringed"). Together with allegations of Sprint's actual knowledge of the '488 Patent, the proposed Amended Complaint more than suffices to state a willfulness claim.

## V.   CONCLUSION

For all the reasons above, TC Tech respectfully requests the Court grant it leave to file the First Amended Complaint.

Of Counsel:

Lawrence J. Gotts
Saswat Misra
LATHAM & WATKINS LLP
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Lawrence.Gotts@lw.com
Saswat.Misra@lw.com

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Katharine L. Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
Farnan@rlf.com
Mowery@rlf.com

*Attorneys for Plaintiff TC Technology LLC*

Kevin L. Mallen
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200
Kevin.Mallen@lw.com

Gabriel S. Gross
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-2628
Gabe.Gross@lw.com

Stephanie N. Solomon
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Stephaniesolomon@quinnemanuel.com

David S. Benyacar
Daniel L. Reisner
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
david.benyacar@arnoldporter.com
daniel.reisner@arnoldporter.com

Dated: September 28, 2018

13

RLF1 20055088v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2018, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

| **VIA ELECTRONIC MAIL** | **VIA ELECTRONIC MAIL** |
|---|---|
| Shanti M. Katona | Robert H. Reckers |
| Polsinelli PC | David Morehan |
| 222 Delaware Avenue, Suite 1101 | Colman McCarthy |
| Wilmington, DE 19801 | Shook, Hardy & Bacon LLP |
| | JPMorgan Chase Tower |
| | 600 Travis Street, Suite 3400 |
| | Houston, TX 77002 |
| | |
| | Chrissie Guastello |
| | Jordan Bergsten |
| | Shook, Hardy & Bacon LLP |
| | 2555 Grand Blvd. |
| | Kansas City, MI 64108 |

                                              */s/ Kelly E. Farnan*
                                              Kelly E. Farnan (#4395)