IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TC TECHNOLOGY LLC,

    Plaintiff,

v.

SPRINT CORPORATION and SPRINT
SPECTRUM, L.P.,

    Defendants.

No. 16-cv-153-RGA

MEMORANDUM ORDER

Presently before the Court is Plaintiff's motion for leave to amend complaint (D.I. 230).

I have considered the parties briefing. (D.I. 231, 240, 250).

I. **BACKGROUND**

TC Technology LLC ("TC Tech") filed this action on March 10, 2016, alleging that

Sprint Corporation and Sprint Spectrum, L.P. (collectively, "Sprint") infringed U.S. Patent No.

5,815,488 ("the '488 patent") with certain wireless services on its LTE network. (D.I. 1).

In November 2016, Sprint stated in response to an interrogatory that it first became aware

of the '488 patent in February 2016. (D.I. 232, Ex. 5 at 15–16 (Interrogatory No. 5)).

In December 2017, Sprint amended its response to disclose that it received an email on

January 9, 2012, from IAG, the broker representing the prior owner of the '488 patent, with the

subject line "CableLabs Patent Sale Offering – IAG." Attached to the email was a 12-page

document titled, "CableLabs Patent Sale Offering Presented by IAG," which identified and

described the '488 patent. The attachment stated, in bold, "Any discussion of the use or potential

use of the referenced patents . . . should not be construed as being . . . notice of infringement, or any form of actual or prospective infringement." The email was sent to Charlie Wunsch, then general counsel at Sprint. Mr. Wunsch forwarded the email to Sprint employees Keith Cowan and Harley Ball. Sprint stated that "after thorough investigation[,] Sprint believes that the attachment was never opened by Messrs. Wunsch, Cowan, or Ball, that neither the email nor its attachment was forwarded to anyone else at Sprint, and that Messrs. Wunsch, Cowan, and Ball, while Sprint employees, never discussed this email or its attachment with each other or with any other employee at Sprint," and, in fact, "have no recollection of the email whatsoever." Therefore, Sprint maintained its position that it first became aware of the '488 patent in February 2016. (*Id.*, Ex. 6 at 2–3 (Interrogatory No. 5)). Accompanying the interrogatory response, Sprint produced a February 24, 2012 follow-up email from IAG that Mr. Wunsch also forwarded to Mr. Ball. (D.I. 241, Ex. J; D.I. 240 at 6).

Sprint designated Mr. Ball as its Rule 30(b)(6) witness regarding Sprint's pre-suit knowledge and/or awareness of the '488 patent. (D.I. 232, Ex. 7 at 27:14–23 (Ball Deposition)). TC Tech deposed Mr. Ball on July 18, 2018. (*Id.*). The parties met and conferred on August 29, 2018. (D.I. 231 at 4–5). TC Tech filed this motion for leave to amend on September 28, 2018. (D.I. 230). The deadline to amend the pleadings under the Court's scheduling order was May 12, 2017. (D.I. 14).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendments to the pleadings generally. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are

undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Federal Rule of Civil Procedure 16(b) also applies when a party moves to amend past the date set by the scheduling order. *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Media Pharm. Inc. v. Teva Pharm. USA, Inc.*, 2016 WL 6693113, at *1 & n.2 (D. Del. Nov. 14, 2016). Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Media Pharm.*, 2016 WL 6693113, at *1. "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010).

## III.    ANALYSIS

### A. TC Tech Meets Good Cause Under Rule 16(b)

Sprint argues that TC Tech has failed to show diligence in pursuit of its new willful infringement claim, as required to show good cause under Rule 16(b). (D.I. 240 at 8–10). The crux of the parties' dispute is whether TC Tech obtained new information related to willfulness from Mr. Ball's July 2018 deposition. Sprint argues that TC Tech has been in possession of all relevant information since December 2017 when Sprint submitted its amended interrogatory response and accompanying production. (*Id.* at 9–10). TC Tech argues that there are inconsistencies between the December 2017 response and Mr. Ball's testimony, which support its claim for willful infringement. (D.I. 231 at 7).

Sprint's December 2017 response states that "after thorough investigation," Sprint believed the attachment to the January 2012 IAG email, which includes references to the '488

3

patent, was never opened by any Sprint employees, namely Messrs. Wunsch, Cowan, and Ball. (D.I. 232, Ex. 6 at 2–3). Mr. Ball testified during deposition that "there was no way to verify one way or the other" whether the attachment had been opened, other than the recollections of himself, Mr. Wunsch, and Mr. Cowan that it was not opened. (*Id.*, Ex. 7 at 194:8–196:4). Mr. Ball also testified that he did not think he, Mr. Wunsch, or Mr. Cowan would have opened the attachment in the normal course of business. (*Id.*). TC Tech argues that Mr. Ball's testimony shows that Sprint did not investigate whether the IAG email attachment was opened, contrary to its December 2017 response. (D.I. 231 at 3–4; D.I. 250 at 2). I agree that there is a meaningful difference between a "thorough investigation," in the December 2017 response, and having "no way to verify one way or the other," as stated by Mr. Ball.

I find TC Tech meets the good cause requirement of Rule 16(b). TC Tech's willful infringement claim is based on new information obtained in Mr. Ball's July 2018 deposition. TC Tech also appears to have worked diligently in the period between the deposition and this motion—TC Tech followed up with Sprint two days after the deposition, arranged a meet and confer shortly after receiving Mr. Ball's final deposition transcript, and filed this motion about a month after the meet and confer. (D.I. 231 at 7). *See Cornell Univ. v. Illumina, Inc.*, 2016 WL 3046258, at *5 (D. Del. May 27, 2016) (finding good cause met where the party's new allegations were based on "a new set of facts obtained and confirmed during discovery which took place after the Scheduling Order's deadline for amending pleadings," and the party "worked diligently to obtain and confirm facts" supporting its new allegations); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003) (allowing amendment to add new allegations after the scheduling order deadline where the motion to amend was filed a month and a half after depositions revealed new facts supporting the allegations).

## B. Rule 15(a) Supports Granting Leave to Amend

Sprint argues that leave to amend should be denied under Rule 15(a) because (1) TC Tech acted with undue delay, (2) allowing amendment would cause Sprint undue prejudice, and (3) TC Tech's proposed willfulness claim is futile.  (D.I. 240 at 11–20).

I find no undue delay for the same reasons that I find TC Tech was diligent under Rule 16(b).

Regarding prejudice, Sprint argues that it is inherently prejudiced by any amendment after the deadline to amend pleadings.  (D.I. 240 at 12).  In addition, Sprint claims that allowing TC Tech to add a willful infringement claim will require Sprint to engage in substantial party and third-party discovery.  For example, discovery related to the general practices of in-house counsel with respect to email solicitations, and third-party discovery on the responses of dozens of other companies that received the same IAG email solicitation.  (D.I. 240 at 13).

The fact that an amendment is made after the scheduling order deadline is not dispositive for denying leave to amend.  *See, e.g.*, *Enzo Life Sciences*, 270 F. Supp. 2d at 490.  I do not find Sprint's alleged prejudices persuasive.  Willfulness is based on Sprint's subjective state of mind—the actions and policies of third parties are irrelevant.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932–33 (2016).  As for Sprint's general practices regarding email solicitations, the relevant information is within Sprint's control.  *See Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *5 (D. Del. May 21, 2009) (finding insufficient prejudice to deny leave to amend in part because information addressing the new issue "would primarily be within the control of [the non-moving party]").  In fact, Mr. Ball has already testified on his general practices, as well as those of Mr. Wunsch and Mr. Cowan.  (D.I. 232, Ex. 7 at 195:19–

196:4) (noting that he, Mr. Wunsch, and Mr. Cowan would not have opened the IAG attachment in the ordinary course of business)).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane*, 213 F.3d at 115. "[I]n order to sufficiently plead willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018). "At the pleading stage, it is not necessary to show that the case is egregious." *Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017).

Sprint argues that TC Tech's proposed amended complaint fails to allege facts plausibly showing that Sprint knew of the '488 patent, or that Sprint knew or should have known that it was infringing the '488 patent.

TC Tech's amended complaint alleges that (1) in preparation for launching its allegedly infringing LTE services, Sprint internally modeled projected costs of royalties for LTE patents, but did not conduct a patent search and had an in-house counsel policy of not reviewing patent sale offerings (D.I. 230-1 ¶ 36), (2) Sprint received a patent offering from IAG in January 2012, six months before launching its LTE services (*Id.* ¶¶ 35, 37), (3) the IAG offering specifically disclosed the '488 patent, its title, its filing date, a description of its claims, and a figure from the patent, and stated that the '488 patent "may have significant value in the telecommunications fields," including "wireless networking," (*Id.* ¶ 39), (4) Sprint's general counsel (Mr. Wunsch)

6

forwarded the IAG offering to a high-level business executive (Mr. Cowan) and Sprint's vice president of intellectual property (Mr. Ball) (*Id.* ¶ 42), (5) Sprint received a follow-up email from IAG in February 2012, which Mr. Wunsch again forwarded to Mr. Ball (*Id.* ¶¶ 43–44), and (6) Sprint made no effort to design around the '488 patent or negotiate a license with IAG before launching its LTE services (*Id.* ¶ 45).

The above allegations plausibly show that Sprint both knew of the '488 patent in January 2012 and knew or should have known that it would infringe the '488 patent with its LTE services. At minimum, TC Tech has plead sufficient facts to support a theory of willful blindness. *See Intel Corp. v. Future Link Sys., LLC*, 268 F. Supp. 3d 605, 623 (D. Del. 2017) (denying summary judgment of non-willfulness where Intel employees stated that they avoided reviewing non-Intel patents to avoid willfully infringing them, there was a lack of evidence that Intel investigated whether its products infringed, and Intel had a "corporate atmosphere encouraging employees to 'turn a blind eye' to patents").

Sprint also argues that TC Tech's willfulness claim fails because TC Tech is estopped from relying on the IAG email, which explicitly stated that the IAG offering "should not be construed as being . . . notice of infringement." (D.I. 240 at 19–20). Sprint essentially argues that TC Tech has failed to meet the pleading standards for willful infringement because Sprint would be successful on an equitable estoppel defense. Whether Sprint is likely to succeed on an unpleaded affirmative defense is irrelevant to whether TC Tech has properly plead its willfulness claim. *Schmidt v. Skolas*, 770 F.3d 241, 252 (3d Cir. 2014) ("The District Court effectively required [plaintiff] to plead around an affirmative defense in his complaint, which is inconsistent with Rules 8 and 12(b)(6)").

Therefore, I find futility does not support denying leave to amend.

7

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion (D.I. 230) is **GRANTED**.

IT IS SO ORDERED this ___ day of February 2019.

United States District Judge