IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TC TECHNOLOGY LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SPRINT CORPORATION and SPRINT SPECTRUM, L.P.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:16-cv-00153-RGA |

MEMORANDUM ORDER

Currently pending before the Court are Sprint's motion to strike the supplemental opinions of Mr. Regis Bates (D.I. 396) and request to exclude a portion of Mr. Brett Reed's damages opinion (D.I. 419 at 52). I have reviewed the parties' briefing and related papers and heard oral argument. (D.I. 397, 405, 409, 419, 426, 428, 432).

## I. BACKGROUND

TC Tech filed this action on March 10, 2016, alleging that Sprint infringed U.S. Patent No. 5,815,488 ("the '488 patent") with certain wireless services on its LTE network. (D.I. 1). TC Tech asserts two independent method claims of the '488 patent.

Sprint moves to strike as improper the doctrine of equivalents opinions provided by TC Tech's expert Mr. Regis Bates in his April 26, 2019 supplemental expert report and in his June 21, 2019 supplemental expert reply report. (D.I. 397 at 2). Sprint also requests that I exclude a portion of the damages opinion by TC Tech's damages expert Mr. Brett Reed that relates to a 5% royalty rate ("Approach 2B"). (D.I. 419 at 52).

1

## II. MR. BATES'S SUPPLEMENTAL EXPERT OPINION

In its summary judgment briefing, Sprint advanced a construction of the "same carrier" limitation, which I adopted in my April 15, 2019 Summary Judgment Opinion. (D.I. 258 at 20-22; D.I. 354 at 13). I construed "'having the same carrier frequency for each remote location' to mean the same carrier frequency is used by each and every 'remote location' that transmits data to the 'central location.'" (D.I. 354 at 13). I also granted Sprint's motion for summary judgment of noninfringement under the doctrine of equivalents as related to the PUCCH. (*Id.* at 9-11).

In light of the new "same carrier" construction, on April 26, 2019, TC Tech served a supplemental report of its expert Mr. Bates. (D.I. 373). This supplemental report contained theories of both literal and nonliteral infringement under the doctrine of equivalents, which were limited to the new "same carrier" construction. (D.I. 398, Ex. C at 9-13). At the pretrial conference that same day, I allowed TC Tech to have served this report because of the new claim construction and postponed the trial date to give Sprint time to respond. (D.I. 398, Ex. B at 68-74). Sprint served its rebuttal report on May 24, 2019, providing its expert's opinions on doctrine of equivalents. (D.I. 383; D.I. 398, Ex. D at 34-36).

Sprint asserts that my Summary Judgment Opinion prevents TC Tech from advancing a theory of nonliteral infringement under the doctrine of equivalents. (D.I. 397 at 12; *see* D.I. 354 at 9-11). Specifically, Sprint claims that Mr. Bates's April 26, 2019 and June 21, 2019 supplemental reports are improperly submitted as they "revive" doctrine of equivalents arguments for which the Court had already granted summary judgment of noninfringement in Sprint's favor. (D.I. 397 at 12; *see* D.I. 398, Ex. A at 24-27, Ex. C at 12-13). Sprint further argues that my June 18, 2019 Daubert Opinion, which granted Sprint's motion to exclude Mr.

2

Bates's doctrine of equivalents opinions in his original reports, also excludes any doctrine of equivalents theories proposed in his supplemental reports. (D.I. 397 at 12; D.I. 409 at 9; D.I. 428; *see* D.I. 393 at 18-20).

Sprint too broadly interprets my rulings. My Summary Judgment Opinion was limited to "TC Tech's doctrine of equivalents theory relating to the Physical Uplink Control Channel ('PUCCH') and the 'mutually exclusive' limitation." (D.I. 354 at 7). Similarly, my Daubert Opinion was limited to Mr. Bates's opinions in his original reports. (D.I. 393 at 18-20). But the literal and nonliteral infringement opinions in Mr. Bates's supplemental reports address only the new construction of "same carrier frequency" limitation, which was not covered in these previous rulings. (*See* D.I. 398, Ex. A at 22-27, Ex. C at 3, 9-13). Therefore, neither my Summary Judgment opinion nor my Daubert opinion prevent Mr. Bates from advancing a different doctrine of equivalents theory that considers only the new construction of the "same carrier frequency limitation."

Sprint also ignores the fact that I allowed submission of Mr. Bates's supplemental reports at the April 26, 2019 pretrial conference because of the new "same carrier" claim construction. (D.I. 398, Ex. B at 68-71). I then continued the trial date to allow Sprint appropriate time to respond, and later amended the Scheduling Order to reflect these changes. (D.I. 398, Ex. B at 69-73; D.I. 384). Therefore, Sprint's Motion to Strike the supplemental opinions of Mr. Bates on the doctrine of equivalents is DENIED.

### III. MR. REED'S DAMAGES OPINION

TC Tech's damages expert, Mr. Brett Reed, took three separate approaches to estimating a reasonable royalty. In my June 18, 2019 Daubert Opinion I granted Sprint's motion to exclude Mr. Reed's testimony as to Approaches Two and Three. (D.I. 393 at 4). Sprint's

3

motion appeared to be limited to the first subsection of Approach Two ("Approach 2A"), and I likewise limited my Opinion. (D.I. 393 at 11 n.4; D.I. 261 at 15-18; *see* D.I. 262, Ex. A at 132-34). Sprint now requests that I similarly exclude the second subsection of Approach Two ("Approach 2B"). (D.I. 419 at 52-57).

In Approach 2B, Mr. Reed "independently considered the more general 5% royalty rate, which Sprint had internally considered reasonable for telecommunications patents, including the VoIP patents, and determined how that figure would relate to Sprint's LTE-related service revenue." (D.I. 262, Ex. A at 135). Sprint argues that, like Mr. Reed's Approach 2A, his Approach 2B also does not "establish the required comparability between Sprint's VoIP-related demands and the hypothetical negotiation." (D.I. 419 at 55). I agree.

Mr. Reed's Approach 2B is insufficient because it merely relies on the fact that Sprint's internal communications suggested "that it would negotiate for a 5% royalty rate for the VoIP patents." (D.I. 262, Ex. A at 135). Reliance on a prior license requires "account[ing] for the technological and economic differences between those licenses and the [claimed invention]." *ResQNet.com., Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010). But, here, Mr. Reed fails to analyze the comparability between the VoIP patents and the patent-in-suit, and instead glazes over the concept by grouping them together as "telecommunications patents." (*See* D.I. 262, Ex. A at 135). Thus, without a showing of comparability, the VoIP damages assessment is irrelevant.

Furthermore, because Mr. Reed's Approach 2B relies on the VoIP patents, which are no longer a part of this case, Approach 2B is not only irrelevant, but also would confuse the issues, mislead the jury, and waste time. In granting TC Tech's motion *in limine* to preclude Sprint from retrying the VoIP litigations, I eliminated VoIP from this case, reserving judgment on this

4

one issue. (D.I. 433 at 2). Since VoIP is no longer generally in the case, bringing in a VoIP-related damages assessment would require background and create disputes about collateral issues. Under Federal Rule of Evidence 402, irrelevant evidence is inadmissible. But even if evidence of the VoIP-related damages assessment were relevant, it would be properly excluded under Federal Rule of Evidence 403. This case is not about the VoIP patents or the prior VoIP litigations and any evidence of such presented at trial will serve only to confuse the issues, mislead the jury, and use up extremely limited trial time. Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury," or "wasting time." Therefore, Sprint's request to exclude Mr. Reed's damages opinion in Approach 2B is GRANTED.

## IV. CONCLUSION

For the above reasons, Sprint's Motion to Strike the supplemental opinions of Mr. Bates on the doctrine of equivalents is DENIED and Sprint's request to exclude Mr. Reed's Approach 2B damages opinion is GRANTED.

IT IS SO ORDERED this 18 day of October 2019.

_Richard G. Andrews_
United States District Judge