IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TC TECHNOLOGY LLC, <br><br> Plaintiff, <br><br> v. <br><br> SPRINT CORPORATION and SPRINT SPECTRUM, L.P., <br><br> Defendants. | Civil Action No. 16-cv-00153-RGA |

## ORDER

The parties continue to have disputes over what Sprint now calls the Amati System. (D.I. 465, 470, 471). I have reviewed the transcript of the pretrial conference (D.I. 463) of April 26, 2019, where we discussed the same subject matter, although no one referred to it as the "Amati System." The only way the Amati System is anticipating §102(g) prior art is if it was constructively reduced to practice in the Cioffi '651 patent. TC Tech has stipulated that the Cioffi '651 patent is §102(e) prior art, but disputes that it is anticipating.

The main point of discussion at the pretrial conference was what Sprint was trying to accomplish by what I was calling the "Jacobsen invention" or what Sprint now calls the Amati system. We had the following colloquy:

> Judge: . . . [W]hat's in the Cioffi '651 patent, if that's the reduction to practice of the Jacobsen invention, the Jacobsen invention in terms of whether or not that anticipates, how come they're not duplicative?
> Counsel for Sprint: They are largely duplicative . . . .
> Judge: But if the Cioffi patent reduces it to practice and it's undisputed prior art, you don't need any of the rest of these, do you?
> Counsel for Sprint: . . . . We don't need them . . . .
> . . . .

> Judge: . . . I think we're on the same page here, right, [Counsel]? If, as a matter of fact, the Cioffi '651 [patent] doesn't have all the necessary elements, then it's not a reduction [to] practice, right?
>
> Counsel for Sprint: It has to have – it has to disclose all the elements for one of skill in the art to be able to understand that that's what's contemplated.
>
> . . . .
>
> Judge: Either Cioffi ['651 patent] shows that they had the invention or it doesn't.
>
> . . . .
>
> Judge: I think I can work with [the ICC and NCTA papers] down the road. Why don't we work on the principle that we're not going to introduce any [other documentary evidence], [Sprint] is going to get to introduce [the ICC and NCTA papers to go along with the Cioffi '651 patent], and I will give some instruction, maybe an instruction at trial, write something up that says that the ICC paper or the NCTA paper, they are – they do not count as – that there has to be a reduction to practice for some invention, and they don't count, the only thing that counts is Cioffi.

(D.I. 463 at 26:19-27:13, 28:21-29:6, 31:9-11, 37:6-17).

To clarify what I said before. (1) I will allow the ICC paper and the NCTA paper into evidence, and allow Dr. Jacobsen to testify generally about her involvement in working with Dr. Cioffi at the relevant time. I do this because I think it is relevant to her qualification to offer her expert opinions. (2) I am not going to let the §102(g) anticipation argument go to the jury. The case (like all patent cases) is going to be confusing enough without introducing a duplicative anticipation theory that has additional requirements over the §102(e) anticipation argument. The probative value is close to nothing, if not nothing, and is substantially outweighed by the danger of confusion, unnecessary complexity and waste of time coming from a duplicative and more complicated defense. Fed. R. Evid. 403. (3) The parties should submit no later than December 3 (if they have not already) a proposed jury instruction to be given during Dr. Jacobsen's testimony explaining the limited use for which the ICC and NCTA papers are being offered.

IT IS SO ORDERED this 2 day of December 2019.

United States District Judge

2