# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TC TECHNOLOGY LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 16-153-WCB |
| SPRINT CORPORATION and SPRINT SPECTRUM, L.P., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Over the past five weeks, the parties in this case have submitted a series of letters to the Court addressing the scope of the testimony of one of the defendants' experts regarding the validity of the plaintiff's patent, U.S. Patent No. 5,815,488 ("the '488 patent" or "the Williams '488 patent"). *See* Dkt. Nos. 465, 470, 471, 478, 480, 486, and 491. Judge Andrews made several rulings regarding that issue, both during the initial pretrial conference on April 26, 2019, *see* Dkt. No. 463, and in a written order entered on December 2, 2019, *see* Dkt. No. 476. His rulings addressed a number of questions, including whether the defendants (collectively, "Sprint") would be permitted to pursue a theory of anticipation under 35 U.S.C. § 102(g)(2); whether certain documents offered by Sprint would be admitted into evidence; and what Sprint's expert, Dr. Krista S. Jacobsen, would be permitted to testify about at trial.

In his December 2 order, Judge Andrews ruled that Sprint's section 102(g)(2) theory of anticipation would not be submitted to the jury; that two of the disputed documents would be admissible, but not others; and that Dr. Jacobsen would be permitted to testify generally about her involvement in working with Dr. John M. Cioffi, the inventor of U.S. Patent No. 5,625,651 ("the

1

'651 patent" or "the Cioffi patent"), which is the key prior art reference relied on by Sprint in support of its anticipation defense. In his order, Judge Andrews asked the parties to submit a proposed instruction to be given to the jury during Dr. Jacobsen's testimony explaining the limited use for which the two disputed documents were being offered. That request provoked a further exchange of letters, which have raised issues going beyond the scope of Judge Andrews' request. In this order, I will not revisit Judge Andrews' rulings as to the anticipation defense, but will address the new issues raised in the parties' letters.

1. As to the instruction to be given during Dr. Jacobsen's testimony, the plaintiff ("TC Tech") argues that the jury should be instructed that it "may not consider Dr. Jacobsen's testimony about her work with Dr. Cioffi for the purpose of determining if the Williams '488 patent is invalid." Dkt. No. 478-1, at 2. In addition, TC Tech argues that the jury should be instructed that it "may consider [Dr. Jacobsen's testimony] only for the purpose of determining if Dr. Jacobsen should be considered as an expert in this case." *Id*.

TC Tech's proposed instructions are clearly wrong. Judge Andrews' rulings were directed to Sprint's anticipation defense; they did not pertain to Sprint's obviousness defense. TC Tech's proposed instruction would bar the jury from considering Dr. Jacobsen's testimony with regard to either defense, which was not what Judge Andrews ruled. Beyond that, Judge Andrews did not request that the parties submit a proposed instruction as to the scope of Dr. Jacobsen's testimony in general; he directed the parties to submit a proposed instruction as to the use of the two documents that he held to be admissible on the issue of anticipation, referred to as the ICC paper and the NCTA paper.

Sprint's proposed instruction is closer to what Judge Andrews requested and is generally consistent with his rulings regarding the ICC paper and the NCTA paper. That proposed

instruction states that, for purposes of anticipation, only the Cioffi patent may serve as an anticipating reference. For purposes of obviousness, however, Sprint proposed that the jury be instructed that its inquiry is not limited to the Cioffi patent, but may include the NCTA paper. While the accuracy of that proposed instruction may depend on whether the NCTA paper qualifies as relevant to the issue of obviousness, that is not a matter that has to be decided at this point. For now, it is enough to say that, for purposes of anticipation, only the Cioffi patent will be considered as a potentially anticipating reference; that is, the disclosures in other materials, including the NCTA paper and the ICC paper, will not be used as a basis for finding anticipation of the '488 patent.

2. Another problem with TC Tech's proposed instruction is that it would severely limit the jury's use of Dr. Jacobsen's testimony, by allowing the jury to consider that testimony "only for the purpose of determining if Dr. Jacobsen should be considered as an expert in this case." Dkt. No. 478-1, at 2. Such an instruction would be unduly restrictive. First, as noted above, Dr. Jacobsen's testimony may be relevant to the issue of obviousness. TC Tech's proposed instruction would appear to prohibit the jury from considering her testimony as to that issue, or at least could easily be misconstrued as containing such a prohibition.

Second, even as to the issue of anticipation, I do not interpret Judge Andrews' December 2 order as limiting the jury to considering Dr. Jacobsen's testimony only for purposes of evaluating her qualifications to testify as an expert. While it is true that Judge Andrews stated that Dr. Jacobsen should be permitted to testify "about her involvement in working with Dr. Cioffi at the relevant time . . . because I think it is relevant to her qualification to offer her expert opinions," Dkt. No. 476, at 2, I do not interpret that statement to mean that Dr. Jacobsen may not testify as a fact witness with respect to any issue on which she has relevant factual evidence to offer, including

3

relating to her activity in working with Dr. Cioffi. Whether Dr. Jacobsen has relevant factual evidence to offer remains to be seen, but for present purposes it is enough to say that it would be premature to enter an order foreclosing Dr. Jacobsen from providing such evidence or ruling that the jury should be instructed that her testimony may be considered only for the limited purpose suggested by TC Tech's proposed instruction.

Contrary to TC Tech's argument in an earlier letter dealing with the same issue, Dkt. No. 470, at 5, there is no general legal prohibition against one witness (including an expert witness) offering fact testimony about another person's inventive activities. *See Arcelormittal France v. AK Steel Corp.*, 811 F. Supp. 2d 960, 969–70 (D. Del. 2011), *rev'd in part on other grounds*, 700 F.3d 1314 (Fed. Cir. 2012); *see also Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723, 2015 WL 9171042, at *2 (D. Del. Dec. 11, 2015). That is not to say, as TC Tech fears, *see* Dkt. No. 470, at 5, that Sprint will be allowed to offer a theory of invalidity based on one person's conception and a different person's reduction to practice of the invention by filing a patent. It is merely to say that to the extent that Dr. Jacobsen has relevant factual evidence to offer regarding the issue of validity under either section 102(e) or section 103, Sprint will be permitted to introduce that evidence at trial.

3. TC Tech makes the further argument in one of its letters that what Dr. Jacobsen calls the "Amati System" should be referred to at trial as the "Cioffi invention." The use of that nomenclature, TC Tech argues, is necessary to avoid confusing the jury and leading it to believe that Dr. Jacobsen "played a role in inventing the alleged prior invention when she did not." *See* Dkt. No. 470, at 4. I see no reason to police Dr. Jacobsen's choice of words to describe the project that was putatively the precursor of the Cioffi patent. I doubt the jury will find the nomenclature unduly confusing. To the extent that TC Tech is concerned that any reference to the Amati System

4

may be confusing to the jury, TC Tech can clarify that point by cross-examining Dr. Jacobsen regarding her role regarding the alleged prior invention. TC Tech's request is denied.

IT IS SO ORDERED.

SIGNED this 22d day of January, 2020.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE