IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TC TECHNOLOGY LLC, § § *Plaintiff*, § § v. § Civil Action No. 16-153-WCB § SPRINT CORPORATION and SPRINT § SPECTRUM, L.P., § § *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Sprint Corporation and Sprint Spectrum, L.P., (collectively, "Sprint") have requested that their witness, Mr. Jay Bluhm, be permitted to testify at trial. Dkt. No. 525, at 1. Plaintiff TC Technology LLC ("TC Tech") opposes the request, arguing that Sprint did not adequately disclose Mr. Bluhm as a potential trial witness and that permitting him to testify would prejudice TC Tech. Dkt. No. 531, at 1–2, 5. Sprint's request is granted but with a limitation as to the topics on which Mr. Bluhm will be permitted to testify.

## BACKGROUND

Through no fault of their own, the parties have been operating on shifting sands with respect to the scheduling of this case. The case was initially assigned to Judge Andrews. A jury trial was scheduled for May 13, 2019, but the trial was canceled roughly two weeks before that date and was rescheduled for December 3, 2019. On the morning of the rescheduled trial, the trial was once again canceled, this time because of a conflict with a criminal trial. The case was then reassigned to me, and the trial was rescheduled for August 24, 2020. However, because of the COVID-19 pandemic, that rescheduled trial was also canceled. A fourth trial date, May 20, 2021,

1

was canceled due to the continuing effects of the pandemic. Trial has now been set for the week of November 15, 2021. Dkt. No. 549.

Leading up to the scheduled May 13, 2019, trial date, the parties submitted a joint proposed pretrial order. *See* Dkt. No. 378 (redacted version of Dkt. No. 367). Sprint did not include Mr. Bluhm on its list of trial witnesses in that proposed pretrial order. *See id.* at 50–51. Prior to the scheduled December 3, 2019, trial date, the parties again submitted a joint proposed pretrial order. *See* Dkt. No. 430 (redacted version of Dkt. No. 419). Sprint left Mr. Bluhm off its witness list in that proposed pretrial order as well. *See id.* at 49–50. Judge Andrews did not sign either of those proposed pretrial orders.

Early in the pretrial proceedings in this case, Sprint identified Mr. Bluhm as a potential trial witness. In its initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, Sprint identified Mr. Bluhm as one of 18 individuals and 20 corporate entities "who may have discoverable information that Sprint may use to support Sprint's claims or defenses." Dkt. No. 527-1, Exh. A, at 2–7. Mr. Bluhm's name was first on that list. *Id.* Sprint also listed Mr. Bluhm in its second, third, and fourth initial disclosures. *See, e.g.*, Dkt. No. 527-1, Exh. B; *id.*, Exh. C; *id.*, Exh. D. In all of its initial disclosures, Sprint described Mr. Bluhm as having "[k]nowledge regarding Sprint's LTE network, including operation of the accused products and services." *See, e.g.*, *id.*, Exh. A, at 2.

In addition to requiring the standard initial disclosures under Rule 26(a)(1), the court required the parties to make certain disclosures regarding electronically stored information ("ESI"). *See* Dkt. No. 18, at 1. Among other things, the court's order required the parties to disclose the top ten custodians likely to possess, control, or have custody of discoverable

information.  *See id.* at 3.  Sprint did not include Mr. Bluhm on its top ten list.  *See* Dkt. No. 532-1, Exh. 1, at 2–3.

The deadline for fact discovery, and thus for fact witness depositions, was September 22, 2017.  *See* Dkt. No. 14, at 2.  That deadline followed Sprint's first two initial disclosures and preceded the parties' proposed pretrial orders.  TC Tech did not elect to depose Mr. Bluhm.  *See* Dkt. No. 531, at 3 ("TC Tech's Responsive Br.").

## DISCUSSION

Sprint seeks leave to have Mr. Bluhm testify at the trial in this case.  Sprint contends that Mr. Bluhm is a "critical defense witness" with extensive knowledge regarding the "structure and operation of the accused LTE network and the options Sprint had for deploying alternative technologies at the time the alleged infringement began."  Dkt. No. 525, at 1.  In support of its request, Sprint asserts that there is no procedural defect in its proposal to add Mr. Bluhm as a witness, and no court order preventing it from doing so.  *Id.* at 2–3.  Excluding Mr. Bluhm's testimony, Sprint contends, would be an "extreme sanction" that would be inappropriate on the facts of this case.  *See id.* at 2 (quoting *Lannett Co. v. KV Pharm.*, No. CV 08-338-JJF, 2009 WL 10737501, at *2 (D. Del. Mar. 12, 2009)).

TC Tech responds by arguing that Sprint did not adequately disclose Mr. Bluhm as a potential trial witness.  For that reason, TC Tech argues, Sprint would not have been permitted to list Mr. Bluhm as a witness in the parties' first proposed pretrial order, and it should not be permitted to do so now.  TC Tech's Responsive Br. at 1.  Sprint did not adequately disclose Mr. Bluhm as a potential trial witness, TC Tech argues, because Sprint left Mr. Bluhm off its list of the ten individuals most likely to have discoverable information in its ESI disclosures.  *Id.* at 1–2.  TC Tech also contends that Sprint did not rely on Mr. Bluhm in any meaningful way during

3

discovery; none of Sprint's Rule 30(b)(6), Fed. R. Civ. P., witnesses and none of Sprint's expert witnesses conferred with Mr. Bluhm regarding Sprint's network technology. *See id.* Considering that lack of disclosure, TC Tech contends, permitting Mr. Bluhm to testify would result in undue prejudice to TC Tech. *See id.* at 5.

    I disagree with TC Tech's assertion that Sprint did not adequately disclose Mr. Bluhm as a potential trial witness. It is undisputed that Sprint identified Mr. Bluhm in its Rule 26(a)(1) initial disclosures as a witness having discoverable information relevant to Sprint's claims or defenses and, more specifically, as having knowledge regarding Sprint's accused LTE network. TC Tech contends those disclosures were inadequate because Mr. Bluhm's name was "buried" among the names of "at least *109* other individuals." *See* TC Tech's Responsive Br. at 2. That argument is not convincing. In Sprint's first Rule 26(a)(1) disclosure, Mr. Bluhm's name was conspicuously presented as the first name in a group of 18 named individuals who were identified by Sprint as having information that Sprint might use to support its claims or defenses. *See* Dkt. No. 527-1, Exh. A, at 2–5.[1] In Sprint's most recent Rule 26(a)(1) disclosure, Mr. Bluhm's name was again conspicuously presented as the first name in a group of individuals having information that Sprint might use to support its claims or defenses. That group consisted of 36 individuals, not 109. *See id.*, Exh. D, at 2–14 (listing 23 corporate entities, 51 prior art inventors, and 36 other individuals). Moreover, Sprint represents that it produced to TC Tech more than 1500 documents and emails relating to Mr. Bluhm. *See* Dkt. No. 537, at 2.

    In relying on the fact that Sprint left Mr. Bluhm off its ESI disclosures, TC Tech ignores the difference between disclosures under Rule 26(a)(1) and disclosures under the court's ESI order.

---

[1] TC Tech notes that Mr. Bluhm was apparently first on the list because the list was in alphabetical order. Regardless of the reason for the placement of Mr. Bluhm's name, it is not fair to say, as TC Tech does, that his name was "buried" among many others.

4

Rule 26(a)(1) requires the disclosure of witnesses the disclosing party may use to support its claims or defenses, including to support a motion or at trial. Fed. R. Civ. P. 26(a)(1)(A)(i); *see also* Fed. R. Civ. P. 26 Advisory Committee Notes (2000 amendment). In contrast, this court's ESI order requires the disclosure not of witnesses, but of the document custodians most likely to have discoverable information in their possession, custody, or control. Dkt. No. 18, at 3. Mr. Bluhm may have considerable first-hand knowledge regarding Sprint's accused LTE network without possessing a sufficiently large number of discoverable documents, electronic or otherwise, as to rank him among Sprint's top ten custodians. For that reason, Mr. Bluhm may be a significant fact witness, but only a relatively minor custodian of discoverable information. And even if Mr. Bluhm possesses a number of discoverable documents that are relevant to this case, each of Sprint's top ten custodians could well possess significantly more discoverable documents than Mr. Bluhm, thus justifying his exclusion from Sprint's ESI disclosures. The absence of Mr. Bluhm's name from Sprint's list of the top ten custodians of discoverable information therefore does not amount to a failure to disclose Mr. Bluhm as a potential trial witness.

More generally, I disagree with TC Tech that it would be unfairly surprised or prejudiced by allowing Mr. Bluhm to testify at trial. As noted, Sprint clearly identified Mr. Bluhm in its initial disclosures as a relevant witness in this case, undercutting TC Tech's claim of surprise. Regarding prejudice, TC Tech chose not to depose Mr. Bluhm and admits that, in light of Sprint's description of Mr. Bluhm's range of knowledge and the numerous other individuals disclosed, TC Tech "would never even have considered using one of its depositions on Mr. Bluhm." TC Tech Responsive Br. at 3. TC Tech thus complains of a harm that would have occurred regardless of the content of Sprint's witness lists in the joint proposed pretrial orders, both of which were compiled after the close of fact discovery and after TC Tech's opportunity to depose Mr. Bluhm

had passed. For that reason, any prejudice to TC Tech resulting from allowing Mr. Bluhm to testify at trial would not be the result of any failing in Sprint's disclosures.

TC Tech further contends that Sprint's request should be denied as a procedural matter: Because Mr. Bluhm was not listed as a witness in the proposed pretrial orders previously entered in this case, TC Tech argues that Sprint must show that excluding Mr. Bluhm as a trial witness would create "manifest injustice," and that Sprint cannot satisfy that showing. *Id.* at 1, 6 (quoting Fed. R. Civ. P. 16(e)). Relatedly, TC Tech argues that Sprint's request to add Mr. Bluhm as a trial witness fails to satisfy the four-factor test set out in *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904–05 (3d Cir. 1977), which governs the district court's exercise of its discretion to exclude evidence because of a party's failure to adhere to a pretrial order. *See* TC Tech Responsive Br. at 4–5.[2] Sprint responds that neither the "manifest injustice" standard of Rule 16(e) nor the *Pennypack* factors are applicable to its request because Judge Andrews did not sign either of the proposed pretrial orders, and thus there was no "final" pretrial order in this case, as Rule 16(e) explicitly requires. *See* Dkt. No. 536, at 2.

TC Tech replies that the parties' most recent proposed pretrial order, *see* Dkt. No. 419, must be regarded as final because Judge Andrews treated it as such, even though he did not sign it. Dkt. No. 541, at 1 (citing Dkt. No. 542, a declaration by Kelly E. Farnan, which states that Judge Andrews rejected TC Tech's attempt to add objections to Sprint's trial exhibits because those objections were absent from the proposed pretrial order and because TC Tech could not show

---

[2] *Pennypack* sets out four factors to guide the district court's exercise of discretion in determining whether to exclude evidence that is not in compliance with a pretrial order. Those factors are "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order." *Pennypack*, 559 F.2d at 904–05.

"good cause" to amend that pretrial order); *see also* Dkt. No. 538-1, Exh. M, at 65:3–69:11 (transcript from pretrial conference).

Although it is true that Judge Andrews did not sign either of the proposed joint pretrial orders in this case, I do not regard that fact as dispositive of this issue.[3] A more relevant consideration in determining whether an unsigned order should be treated as a "final" pretrial order is the timing of a party's request to modify or depart from that order. A district court could reasonably treat an unsigned proposed pretrial order as a final order if the party's request to depart from that order followed the pretrial conference, *see* Fed. R. Civ. P. 16(e) ("order issued after a final pretrial conference"), or if the request occurred on the cusp of an impending trial. On the other hand, a request to depart from an unsigned proposed pretrial order made many months before the scheduled trial date can reasonably be viewed as not a "final" pretrial order for purposes of Rule 16(e).

The cases cited by the parties support my conclusion that the timing of a party's request to depart from a proposed pretrial order is highly relevant to whether Rule 16(e) and the *Pennypack* factors must apply to the request. In *Pennypack*, the plaintiff sought to add two witnesses to its trial list three weeks before trial and after the pretrial conference had been held, but the court concluded under the circumstances that the request occurred early enough that the opposing party was not unduly prejudiced. *See* 559 F.2d at 903–05. In *Scopia Mortgage Corp. v. Greentree*

---

[3] Some trial judges sign proposed pretrial orders, *see, e.g.*, *Krys v. Aaron*, 312 F.R.D. 373, 375–76 (D.N.J. 2015), while others do not, *see, e.g.*, *389 Orange Street Partners v. Arnold*, 170 F.3d 1200, 1207 (9th Cir. 1999); *Vincent v. Stewart*, No. 16-cv-5023, 2020 WL 373358, at *1 (W.D. Wash. Jan. 23, 2020); *Scott v. Indiana State Prison*, No. 3:98CV0473, 2000 WL 35761379, at *2 (N.D. Ind. Jan. 19, 2000). In some instances, such as when the trial judge refuses to sign the order because of disagreement or dissatisfaction with the order, the court's failure to sign the order is important in determining the effect of the order. In the circumstances of this case, however, I do not agree with Sprint that Judge Andrews' failure to sign the order, by itself, resolves the legal issue before me.

*Mortgage Co.*, 184 F.R.D. 526 (D.N.J. 1998), the court analyzed Rule 16(e)'s manifest injustice standard and the *Pennypack* factors when denying the plaintiffs' request to add a supplemental expert report to the pretrial order just 39 days before trial. *See id.* at 527–28, 530–31. In *Bowytz v. Skolnick*, 113 F.R.D. 635 (D. Del. 1987), the court analyzed Rule 16(e)'s manifest injustice standard and the *Pennypack* factors when granting the defendant's request to bifurcate the trial, and thus modify the pretrial order, just 18 days before trial and after the pretrial conference had been held. *See id.* at 636. The court concluded that the plaintiff "is easily capable of curing the effect of surprise in the two weeks remaining before the commencement of trial," and therefore granted the defendant's motion to modify the pretrial order. *Id.* at 636–37. In each of those cases, the court pointed to the timing of the request as a factor bearing significantly on whether to grant the request to depart from the court's prior order.

Here, Sprint's request to allow Mr. Bluhm to testify at trial can be construed as a request to modify Sprint's witness list in the parties' second proposed pretrial order, Dkt. No. 419. Sprint's request was made at a time when there was no scheduled trial date. And even now, months after Sprint made that request, the trial in this case will not occur for another seven months, even assuming there are no further postponements. Furthermore, there will be another pretrial conference prior to trial, and Sprint's request comes well in advance of that conference. Thus, considering the timing of Sprint's request relative to both the trial date in this case and the date of the parties' most recent proposed pretrial order, August 28, 2019, I do not treat that proposed pretrial order as "final" for the purposes of Rule 16(e) and the *Pennypack* factors.[4]

---

[4] TC Tech cites three additional cases in support of its contention that the proposed pretrial order in this case is final and thus that Rule 16(e) and the *Pennypack* factors govern my analysis. *See* TC Tech's Responsive Br. at 4, 5. Those cases, however, are factually distinct from this case. In *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710 (3d Cir. 1997), the Third Circuit applied the *Pennypack* factors when deciding whether the district court had abused its discretion in excluding the appellants' expert witness based on the appellants' failure to comply with discovery orders.

Because Rule 16(e)'s "manifest injustice" standard and the *Pennypack* factors do not govern my analysis, the determination of whether Mr. Bluhm should be permitted to testify at trial turns on whether Sprint has offered a valid reason to add Mr. Bluhm to its witness list and whether allowing Sprint to do so will result in unfair prejudice to TC Tech.  Sprint represents that Mr. Bluhm is more knowledgeable on the topics on which he is expected to testify than the witness or witnesses who would have testified in his place, and that the only reason he was not designated as a witness in the proposed pretrial orders is that he was not expected to be available to testify at trial either in May or December 2019, *see* Dkt. No. 526, at 2–3 (Declaration of Jay Bluhm in Support of Sprint's Brief Regarding Testimony of Jay Bluhm and Claim Construction Issues).  More importantly, as noted above, Sprint adequately disclosed Mr. Bluhm as a potential trial witness in its Rule 26(a)(1) disclosures, well before the preparation and filing of the proposed pretrial order.  TC Tech could have conducted further discovery regarding Mr. Bluhm, but TC Tech elected not to depose him.  Thus, even if Sprint had listed Mr. Bluhm as a trial witness in the first or second proposed pretrial order, TC Tech could not have deposed Mr. Bluhm at that point, because the deadline for fact-witness depositions had passed.  For that reason, TC Tech is not in any worse position now than it would have been if Sprint had listed Mr. Bluhm as a witness in the proposed pretrial orders.  Simply put, TC Tech has not shown that it will suffer unfair prejudice from allowing Mr. Bluhm to testify at trial.

---

*Id.* at 718–20.  The Third Circuit did not apply Rule 16(e), because a pretrial order was not involved.  *See id.*  Likewise, in *Sports Co. v. Acushnet Co.*, No. CIVA 05-132, 2007 WL 521894 (D. Del. Feb. 15, 2007), the court applied the *Pennypack* factors when denying defendant's request to add prior art references to its invalidity contentions in violation of a discovery order.  *Id.* at *3–5.  And again, in *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470 (D. Del. 2003), the court applied the *Pennypack* factors when denying the defendants' request to have certain witnesses testify at trial despite not disclosing those witnesses during fact discovery.  *Id.* at 471–72.  The court did not apply Rule 16(e), because a pretrial order was not involved.  *See id.*  Unlike in those cases, Sprint has not violated a discovery order, because it adequately disclosed Mr. Bluhm as a potential trial witness during discovery proceedings.

9

With respect to the subject matter of Mr. Bluhm's testimony, Sprint indicates that it intends Mr. Bluhm to testify on the following topics: (1) the history, development, and deployment of Sprint's accused LTE network; (2) the functionality and operation of that network; (3) the alternative technologies available to Sprint for implementing the uplink channel, including carrier aggregation and MU-MIMO; and (4) Sprint's "history and business." Dkt. No. 525, at 4–5. TC Tech takes issue with all of those topics, but particularly with the proposed testimony about topic (4), Sprint's "history and business." *See* TC Tech's Responsive Br. at 2–3, 5. With respect to Sprint's history and business, TC Tech correctly points out that Sprint did not identify Mr. Bluhm as a Rule 30(b)(6) witness, nor did Sprint list that topic in its Rule 26(a)(1) disclosures as one on which Mr. Bluhm was knowledgeable. *See id.* at 2.

For that reason, Mr. Bluhm's testimony will be confined to the subject matter that Sprint identified in its Rule 26(a)(1) initial disclosures—"Sprint's LTE network, including operation of the accused products and services." Topics (1) through (3) fall within the scope of that subject matter. Topic (4), however, is potentially quite broad and does not fall entirely within that identified subject matter. For that reason, I will confine Mr. Bluhm's testimony on topic (4) to Sprint's history and business concerning its LTE network.

IT IS SO ORDERED.

SIGNED this 26th day of April 2021.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE