

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

July 30, 2021

<u>VIA CM/ECF</u>
The Honorable William C. Bryson
United States Court of Appeals for the Federal Circuit
Howard T. Markey National Courts Building
717 Madison Place, N.W.
Washington, DC 20439-0000

        Re: *TC Technology LLC v. Sprint Corporation*,
           C.A. No. 16-153-WCB

Dear Judge Bryson:

  I write on behalf of TC Technology LLC ("TC Tech") pursuant to the Court's July 28, 2021 Order (D.I. 571) to respectfully request that the Court permit a pre-trial deposition of Sprint Corporation's ("Sprint") potential trial witness, Jay Bluhm.

  **I. Sprint Already Represented to TC Tech and the Court That it Would Make Mr. Bluhm Available for a Pre-Trial Deposition.**

  As Your Honor may recall, the parties in this case previously disputed whether Sprint should be permitted to add Mr. Bluhm to its "will call" witness list at trial. During the July 31, 2020 hearing on this matter, TC Tech objected to Sprint's request to add Mr. Bluhm as a trial witness because Mr. Bluhm had not been disclosed among its ten witnesses most likely to have discoverable information nor did it disclose him as having any potential knowledge on most of the subjects about which Sprint wanted him to testify; as a consequence he was never deposed. July 31, 2020 Hearing Tr. ("Ex. A") at 11 ("And if Sprint is allowed to add him now, . . . . [w]e would have to reopen fact discovery to take his deposition, we might have to add our own fact witnesses to respond to what he says, and we may need new expert reports to deal with that testimony."); *see also id*. at 38, 47. In response to TC Tech's argument that it would be prejudiced by Sprint adding Mr. Bluhm as a trial witness since Mr. Bluhm had never been deposed, Sprint repeatedly stated that if permitted to add him to its trial witness list, it "would have no problem with a pretrial deposition." *Id*. at 16, ("If they feel like they, you know, didn't have an opportunity to depose him in the many years of discovery and want to depose him before trial, I'm sure we would have no problem with a pretrial deposition."); *id*. at 44-45 ("They can take his deposition. We're fine with that."); *Id*. at 50 ("We'll address it in briefing if Your Honor suggests, but, of course, this can also be done in steps; meaning, they can depose Mr. Bloom [sic].").

  Indeed, Your Honor further recognized during the hearing that a consequence of permitting Mr. Bluhm to be added as a trial witness would be TC Tech's request for additional discovery (such as a deposition of Mr. Bluhm) as a necessary remedy given the new and different information Mr. Bluhm would be testifying about at trial. Ex. A at 41-42 ("[I]f Mr. Bloom [sic] were permitted, [TC Tech's counsel] would want to have a shot at him, I assume."); *see also id*. at 43

The Honorable William C. Bryson
Page 2

("TC Tech is saying that they would have to depose Mr. Bloom [sic] and potentially have new expert . . . reports."). In response, Sprint's counsel represented to the Court that "***at a mimimum,***" TC Tech should be permitted to take Mr. Bluhm's deposition, with the parties to determine whether additional steps, such as updating the expert reports, would be necessary after hearing Mr. Bluhm's testimony. *Id.* at 51 (emphasis added) ("***[A]t a minimum, I would suggest that plaintiff depose him***, and then we would be in a position not to be guessing whether the parade of horribles you are hearing from TC Tech's counsel about new experts and new fact witnesses and all that actually comes to pass."); *see also id.* at 45 ("I do not anticipate that if they take the deposition of Mr. Bloom, that they're going to learn any new facts that requires updating of expert reports. . . . . If they do, I think we can address it.").

Following briefing on the issue, the Court ultimately ruled that Sprint could present trial testimony from Mr. Bluhm on certain topics. (D.I. 552). But Sprint, despite its prior representations to TC Tech and the Court that TC Tech should, "at a minimum," be permitted to depose Mr. Bluhm, now refuses to make Mr. Bluhm available for a deposition. Given Sprint's statements at the hearing and assurances that its effort to add Mr. Bluhm as a trial witness "isn't tactical" and "isn't an effort to get some advantage" (Ex. A at 51), the Court should require Sprint to honor its representations at the July 31, 2021 hearing, and grant TC Tech leave to take a short deposition of Mr. Bluhm.

## II. Good Cause Exists to Permit TC Tech to Take a Pre-Trial Deposition of Mr. Bluhm

Other courts in this District have exercised their discretion to grant parties additional depositions and additional time to take such depositions where, as here, good cause exists to do so. *See, e.g.*, *Evonik Degussa GMBH v. Materia Inc.*, No. CV 09-636 (NLH/JS), 2011 WL 13152274, at *6 (D. Del. Dec. 13, 2011) (finding good cause to permit plaintiffs to add a new claim and reopen fact discovery: "Defendants do not argue that additional depositions would require them to spend significant additional resources, nor that the depositions would unduly delay these proceedings.").

Here, there is good cause to permit TC Tech to take one additional short deposition of Mr. Bluhm following the Court's determination that Sprint may add Mr. Bluhm as a trial witness in the case. By Sprint's own representations to this Court, Mr. Bluhm is a "highly relevant witness in this case" and "a critical defense witness for Sprint." D.I. 525 at 1. These same arguments that Sprint made to secure Mr. Bluhm as a trial witness in the first place, also support TC Tech's request for leave to depose such a "critical" witness to prevent unnecessary surprise at trial. As the Court acknowledged, at least one of the topics of Mr. Bluhm's testimony was not a topic disclosed in the Rule 26 disclosures. D.I. 552 at 10. While the Court limited that topic, it would be appropriate for TC Tech to have an opportunity to explore the full scope of Mr. Bluhm's proposed testimony.

In addition, given that the trial in this case is currently set for the week of November 15, 2021 (D.I. 549), there is also sufficient time for TC Tech to depose Mr. Bluhm in advance of the trial. And there is no indication that presenting Mr. Bluhm for a short deposition on the particular topics he is permitted to testify on will cost Sprint "significant additional resources."

The Honorable William C. Bryson
Page 3

Moreover, in similar instances, this Court has granted parties alleging prejudice leave to take witnesses' depositions following the close of fact discovery where, as here, permitting such pre-trial depositions would remedy the unnecessary risk of surprise as to the trial testimony of those same witnesses. *See, e.g.*, *Intel Corp. v. Future Link Systems, LLC*, C.A. No. 14-377-LPS (D. Del. Dec. 22, 2016) (Stark, J.) ("Ex. B") at 36-38 (denying motion to preclude timely-disclosed witness from testifying at trial but ordering that the witness be made available for a pre-trial deposition); *see also Impax Lab'ys Inc. v. Lannett Holdings Inc.*, No. CV 14-984-RGA, 2016 WL 9240617, at *1 (D. Del. Aug. 24, 2016) (Andrews, J.) (permitting pre-trial deposition of witness Potti, who was previously disclosed during fact discovery). In *Intel Corp. v. Future Link Systems, LLC*, for example, while the Court denied the defendant's motion to preclude a witness from testifying at trial, the Court nonetheless ordered the plaintiff to make the witness at issue available for a deposition prior to trial. Ex. B at 36-38. Notably, the Court found that the witness had been disclosed in a timely manner "with sufficient time left in fact discovery that she could have been deposed during the remainder of approximately two months at that point of fact discovery." *Id*. at 36. Notwithstanding that, the Court ordered that the witness' ability to testify at trial would be conditioned on the witness being made available for deposition.

Finally, in its prior letter to the Court, Sprint pointed to the statement in this Court's opinion that "even if Sprint had listed Mr. Bluhm as a trial witness in the first or second proposed pretrial order, TC Tech could not have deposed Mr. Bluhm at that point." D.I. 569 (citing D.I. 552 at 9). TC Tech respectfully submits that this statement is not dispositive of the issue. *See Intel* at 36-38. The parties here were limited to seven depositions of party witness and seventy hours total for party depositions. *See* D.I. 14, Section 3.d.i. Even though this Court found Mr. Bluhm was properly disclosed, the Court also recognized that Mr. Bluhm was among 18 individuals in the first disclosure and 36 individuals in the second disclosure. D.I. 552 at 4. And, as TC Tech previously argued, Mr. Bluhm was not one of Sprint's ESI custodians,[1] was not consulted by any Rule 30(b)(6) witness and was not consulted by any of Sprint's experts. D.I. 552 at 3-4 (citing D.I. 531 at 2 (also noting that no discovery response mentioned Mr. Bluhm)). In light of the lack of emphasis placed on Mr. Bluhm in fact discovery, the Court's limit on depositions and Sprint's own failure to list Mr. Bluhm *in any way* (even a "may call") as a trial witness before either of the first two scheduled trials, the fact that Mr. Bluhm's deposition was not previously taken is not surprising. But that should not permit Sprint to surprise TC Tech at trial.

Trial is still several months away and Sprint previously represented it would make Mr. Bluhm available for deposition. TC Tech respectfully submits that good cause exists to allow a pre-trial deposition of Mr. Bluhm.

                                                      Respectfully,

                                                      */s/ Kelly E. Farnan*

                                                      Kelly E. Farnan (#4395)

cc: Counsel of Record (via CM/ECF)

---

[1] In the *Intel* case cited above, Judge Stark also required that the witness' custodial documents be produced in advance of any deposition.