IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TC TECHNOLOGY LLC, § § § *Plaintiff*, § § v. § Civil Action No. 16-153-WCB § SPRINT CORPORATION and SPRINT § SPECTRUM, L.P., § § *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

In an order entered on April 26, 2021, I granted the request by defendants Sprint Corporation and Sprint Spectrum, L.P., (collectively, "Sprint") that Sprint's witness Jay Bluhm be permitted to testify at trial. Dkt. No. 552. Plaintiff TC Technology LLC ("TC Tech") had opposed that request on the ground that Mr. Bluhm had not previously been listed as a witness likely to be in possession of electronically discovery information and had not been named in Sprint's witness list in either of the proposed pretrial orders in this case. As a result, TC Tech argued, permitting Mr. Bluhm to testify would prejudice TC Tech, which had chosen not to depose him. Dkt. No. 531. The issue was addressed in a telephonic hearing held on July 31, 2020, *see* Dkt. No. 518, which was followed by extensive briefing from the parties, *see* Dkt. Nos. 525, 526, 531, 532, 536, 537, 538, 541, 542.

The issue arose because the trial in this case has been postponed several times, first in May 2019, and then in December 2019. Although Sprint initially identified Mr. Bluhm as a potential trial witness, Sprint did not list Mr. Bluhm as a witness in either of the previous proposed pretrial orders in this case. *See* Dkt. No. 367, at 50–51 (Sprint's witness list in the April 23, 2019, Proposed

Joint Pretrial Order); Dkt. No. 419, at 49–50 (Sprint's witness list in the August 28, 2019, Amended Proposed Joint Pretrial Order). Sprint explained that the reason it did not list Mr. Bluhm as a witness in either the April 2019 or the August 2019 proposed pretrial orders was that he was not expected to be available for either the May or December 2019 trial date. As a result, Sprint explained, it was going to have to rely on a substitute witness or witnesses to provide the evidence Mr. Bluhm was expected to provide. Sprint, however, represented that Mr. Bluhm was expected to be available for the 2021 trial, which is now scheduled for the week of November 15, 2021. In light of his availability, Sprint requested leave to call him. TC Tech opposed Sprint's request.

In the July 31, 2020, hearing on Sprint's request, Sprint's counsel represented that if the court granted leave for Sprint to call Mr. Bluhm as a witness at trial, Sprint would not object to a pretrial deposition for Mr. Bluhm. Counsel said the following: "If they feel like they, you know, didn't have an opportunity to depose him in the many years of discovery and want to depose him before trial, I'm sure we would have no problem with a pretrial deposition." Dkt. No. 572-1, Exh. A, at 16–17. Counsel followed up by saying, "In substance, there is nothing new that he is going to say. They can take his deposition. We're fine with that. It's not like he's going to be saying facts that they haven't heard before. We have always maintained, and other witnesses have testified, that our products work in a certain way, our base station vendors provide these products, they communicate with remotes in a certain way." *Id.* at 43–44. Counsel added later that "this can also be done in steps; meaning, they can depose Mr. Bloom [sic]. To the extent they believe that that testimony requires new expert reports, and it won't, but to the extent they can raise that with the Court at that time and we can address it." *Id.* at 50.

Following the parties' briefing, I issued an order permitting Sprint to call Mr. Bluhm as a witness at trial. Dkt. No. 552. In the order, I disagreed with TC Tech's argument that it would be

unfairly surprised or prejudiced by allowing Mr. Bluhm to testify. I pointed out that although Mr. Bluhm was not listed as a witness in either of the proposed pretrial orders, which were filed after the close of fact discovery, he had been identified as a potential witness in Sprint's initial disclosures, and TC Tech had elected not to depose him prior to the close of fact discovery. Therefore, I concluded, allowing Mr. Bluhm to testify would not put TC Tech in any worse position than if Sprint had listed Mr. Bluhm as a witness in the proposed pretrial orders. *Id.* at 9. Because TC Tech had not shown that it would suffer unfair prejudice from allowing Mr. Bluhm to testify, I granted Sprint's request but limited the topics about which Mr. Bluhm would be permitted to testify. *Id.* at 9–10.

TC Tech now asks that I permit "a short deposition" of Mr. Bluhm prior to trial. Dkt. No. 572, at 1. Sprint opposes the request. Dkt. No. 574. TC Tech relies on its need to explore the substance of Mr. Bluhm's proposed testimony and on the fact that Sprint's counsel had previously represented that Sprint would not object to a pretrial deposition of Mr. Bluhm. In opposing TC Tech's request, Sprint relies on the fact that TC Tech did not depose Mr. Bluhm during the course of fact discovery, and that I had noted in my previous order that given TC Tech's failure to depose Mr. Bluhm, allowing him to testify at trial did not put TC Tech in a worse position than if Sprint had listed him as a trial witness in the proposed pretrial orders after the close of fact discovery.

The problem with Sprint's argument is that when it sought leave to call Mr. Bluhm, Sprint represented that it would not oppose a pretrial deposition, a posture that enhanced the reasonableness of its request. However, once Sprint obtained the relief it sought, it reversed field and now opposes a pretrial deposition. While it is true that my previous order did not expressly condition the grant of leave to call Mr. Bluhm as a witness on Sprint's agreement to make him

3

available for a pretrial deposition, that did not seem necessary in light of Sprint's representations during the July 2020 hearing.[1]

Sprint offers nothing to suggest that the circumstances have changed in any material way since it made its representation that it would not oppose a pretrial deposition of Mr. Bluhm. Instead, Sprint argues that its willingness to produce Mr. Bluhm for a deposition if he were permitted to testify at trial was merely an offer to compromise with TC Tech and avoid motion practice. When TC Tech rejected that offer of compromise and required Sprint to ask the court for leave to call Mr. Bluhm as a trial witness, Sprint argues, its offer effectively expired.

This is revisionist history. Sprint made its offer to produce Mr. Bluhm for a deposition during argument on TC Tech's request to exclude Mr. Bluhm from testifying as a witness at trial. *See* Dkt. No. 517. At that point, the "motion practice" that Sprint claims it sought to avoid had already begun. And regardless of whether Sprint's offer to produce Mr. Bluhm for a deposition was made to TC Tech at some point in an effort to compromise, it was also made to the court during the July 31, 2020, teleconference as part of Sprint's argument as to why it would be reasonable for the court to allow Mr. Bluhm to testify at trial.

Although Sprint now argues that TC Tech is seeking to reopen discovery, in violation of the scheduling order in this case, Sprint overlooks that the dispute regarding Mr. Bluhm began when Sprint sought a variance from the governing rules by asking to call Mr. Bluhm as a witness even though he was not named as a prospective witness in the proposed pretrial order. What is before the court now is, in effect, a request by TC Tech to depart from the scheduling order in order to compensate for the departure already granted to Sprint.

---

[1] During the July 2020 hearing, I voiced my expectation that if I allowed Sprint to call Mr. Bluhm, TC Tech would "want to have a shot at him." Dkt. No. 572-1, Exh. A, at 41.

Moreover, the burden of a short deposition is modest, and it is not unreasonable for TC Tech to wish to confirm that Mr. Bluhm's testimony will address subject matter that would have been covered by the witness or witnesses who were proposed to testify in his stead if the trial had gone forward in either May or December of 2019.

Accordingly, I will order Sprint to produce Mr. Bluhm for a deposition of no more than three hours, to be conducted prior to October 1, 2021. I will not require Sprint to provide any further document discovery prior to the deposition, and absent some dramatic and unexpected development during the deposition, I do not expect that any further discovery or changes to the scheduling order will be necessary following the deposition.

IT IS SO ORDERED.

SIGNED this 5th day of August, 2021.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE