

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801  •  (302) 252-0920

September 22, 2021

Stephen J. Kraftschik
(302) 252-0926
(302) 397-2659 (Fax)
skraftschik@polsinelli.com

**VIA E-FILING**

The Honorable William C. Bryson
United States Court of Appeals
 for the Federal Circuit
Howard T. Markey National Courts Building
717 Madison Place, N.W.
Washington, DC  20439

Re:  *TC Technology LLC v. Sprint Corporation and Sprint Spectrum, L.P.,*
C.A. No. 16-153 (WCB)

Dear Judge Bryson:

There is one asserted patent in this case, and it has two claims.  Two days ago, the patent office issued an office action in a pending *ex parte* reexamination, *rejecting both claims* as invalid over the prior art.  In such circumstances, there is no reason to waste judicial or party resources by impaneling a jury for trial in two months, in the middle of a global pandemic, on a twenty-six-year-old patent that expired more than five years ago and that was purchased by TC Tech for the sole purpose of bringing this lawsuit.  The case should be stayed pending final resolution of the *ex parte* reexamination.  If the claims somehow survive the reexam, trial can be held soon thereafter, and neither party will be prejudiced.

TC Tech has stated that it will oppose this stay request, but it has not, will not, and cannot articulate any legitimate reason to do so given the circumstances summarized above.  This case has only ever been about money, and Sprint is not going anywhere.  There is simply no reason why this Court should move forward with a jury trial in this circumstance on an expired patent that the patent office has now said should never have issued.  Of course, maybe TC Tech will somehow snatch its patent claims from the jaws of defeat in the patent office and the Federal Circuit.  But unless and until it does, it would be imprudent to move forward with the trial of this matter given the risks that such a trial would necessarily present to the parties, witnesses, and court personnel—all highly likely to be totally unnecessary given the *ex parte* reexamination.

This Court is familiar with the relevant factors when considering a motion to stay such as this.  The first factor, simplification of issues for trial, is the "most important" factor, and it overwhelmingly favors a stay.  The patent office has *already rejected* both asserted claims as invalid.  Unless the patent office changes its mind in advance of making its final decision (statistically, an exceedingly unlikely outcome), both claims will be cancelled, and trial will not

polsinelli.com

| Atlanta | Boston | Chicago | Dallas | Denver | Houston | Kansas City | Los Angeles | Miami | Nashville | New York |
| Phoenix | St. Louis | San Francisco | Seattle | Silicon Valley | Washington, D.C. | Wilmington |

Polsinelli PC, Polsinelli LLP in California

80017362.2



The Honorable William C. Bryson
September 22, 2021
Page 2

only be unnecessary but inappropriate.  In the words of the Federal Circuit, mooting the need for trial is "the ultimate simplification of issues."  The second factor is the status of the litigation.  Clearly, the case is far along.  But that does not change the fact that the most burdensome period of the case for the lawyers, the Court and its personnel, the prospective and impaneled jurors, and witnesses are the week(s) of trial, and the weeks before and after.  Staying the case avoids those costs (and risks), regardless of the sunk costs that occurred years ago.  The third factor is undue prejudice and tactical disadvantage.  There is no prejudice or tactical disadvantage to delaying trial on a patent that expired more than half a decade ago, in a suit brought by a non-competitor with only damages at issue, and when the plaintiff itself repeatedly asked for and caused continuances of the scheduled trial in the past.

Just last year, this Court granted a motion to stay in analogous circumstances, and the same reasoning applies here.  *See British Telecommunications PLC v. IAC/InterActiveCorp et al.*, No. CV 18-366-WCB, D.I. 253, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ("*British Telecommunications*").  There, the defendant filed a request for *ex parte* reexamination five months before trial, reexamination was instituted three and a half months before trial, and the defendant moved to stay.  *Id.* at *5.  The Court granted the motion to stay, finding the dominant factor to be the likely simplification of issues.  *Id.* at *10–11.  In this case, the reexamination proceeding is even further along relative to the trial date.  Here, the petition was filed eight months before trial, it was instituted six months before trial, and the office action *actually issued* two months before trial—something that had not even happened at the time of the stay in *British Telecommunications*.  This case therefore presents an even more compelling basis for a stay of trial.

I.     **Relevant Background**

The application that resulted in U.S. Patent No. 5,815,488 was filed in 1995.  The patent issued in 1998, with Cable Television Laboratories, Inc. as the assignee.  In 2012, TC Tech purchased the patent from Cable Labs.  The patent expired in 2015, and in 2016, TC Tech sued Sprint for patent infringement of both claims of the '488 patent.  *See* D.I. 1.

On March 23, 2021, T-Mobile USA, Inc. submitted a request for *ex parte* reexamination to the patent office, challenging both claims of the '488 patent on the basis of art never identified by the patentee and never considered by the examiner.  On May 11, 2021, the patent office granted the requested reexamination, finding that the identified art raised substantial new questions of patentability.  *See* Ex. A.  On September 20, 2021, the examiner issued a non-final office action, rejecting both claims as invalid over the new prior art.  *See* Ex. B.  The examiner determined that "Claim 1 is rejected under pre-AIA U.S.C. 102(b) as being anticipated by



The Honorable William C. Bryson
September 22, 2021
Page 3

Kahre," and that "Claim 2 is rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Kahre (as cited above) in view of Pommier (as cited above)." *Id.*

## II.    Legal Standard

In deciding whether to stay a case pending resolution of PTO proceedings, courts will consider three factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *British Telecommunications*, 2020 WL 5517283, at *2 (quoting *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014)). When analyzing undue prejudice, courts sometimes consider four factors: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *AgroFresh Inc. v. Essentiv LLC*, No. CV 16-662 (MN), 2019 WL 2327654, at *2 (D. Del. May 31, 2019).

The legislative history of the AIA confirms that Congress intended "for district courts to be liberal in granting stays" pending post-grant review, and that "*Congress intended to place 'a very heavy thumb on the scale in favor of a stay being granted'*" once the patent office instituted review. *British Telecommunications*, 2020 WL 5517283, at *3–5 (summarizing legal framework and case law in the context of an *ex parte* reexam stay request) (quoting 157 Cong. Rec. S1363, 2011) (italics supplied).

## III.   Argument

### A.    Granting the stay is likely to eliminate the need for trial entirely.

The "most important" factor in determining whether to issue a stay is whether the stay is "likely to simplify the issues at trial." *British Telecommunications*, 2020 WL 5517283, at *9 (collecting cases).

Here, it is likely that staying the case will eliminate entirely the need for a trial. The '488 patent has only two claims, both of which are asserted in this case, and both of which the patent office has now rejected as invalid. Invalidating those claims will fully resolve this case. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). This is "the ultimate simplification



The Honorable William C. Bryson
September 22, 2021
Page 4

of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (reversing trial court for failing to stay litigation following institution).

Patent office statistics confirm it is unlikely that the claims will survive reexam at this point. In approximately 80% of instituted *ex parte* reexaminations, the claims are cancelled or amended.[1] Because the '488 patent expired six years ago, it cannot be amended, and thus, the claims would have to be cancelled. *See* 37 C.F.R. § 1.530(j) ("[N]o amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent."). This is the quintessential case in which the patent office proceeding will likely simplify (or entirely eliminate) the issues for trial, especially because the first office action already has issued and rejected both claims.

**B.     The status of the case does not warrant denying the stay motion.**

TC Tech will likely argue that the case is too far along to warrant a stay. But trial, and the weeks immediately preceding and following trial, are typically the most burdensome periods of any litigation. *See British Telecommunications* 2020 WL 5517283, at *6 (staying case three months before trial, and noting that "preparation for trial, going through the trial process, and engaging in post-trial motion practice" are the "most burdensome parts of the case"); *see also Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) (similar). All of these costs can still be avoided if the case is stayed now.

Furthermore, TC Tech's argument ignores the unique facts and circumstances of this case. The prior art in the reexam was first discovered in late December of 2020. T-Mobile (which had acquired Sprint) promptly drafted and filed the reexam request early this year. A month later, on April 28, 2021, the parties informed the Court that they had settled in principle all matters between the parties and their related entities, and asked that the case be stayed. D.I. 554. The Court granted the stay. D.I. 555. *While the case was already stayed*, and during a period in which the parties had thought they had settled the case, the patent office instituted reexamination. Then, in late July, the Court lifted the stay and kept the trial date, while Sprint previewed that the *ex parte* reexam might impact the trial date. D.I. 568, 566. In lifting the stay, the Court recognized that "the parties have not requested any further extension" of the stay, and that it would not cancel the trial date "at this time." D.I. 568 at 5. At that point, an initial decision by the examiner was imminent.

In short, the parties, the Court, and the public will all benefit from a stay, given the state of the litigation. There is still significant work to be done in the next few months and during

---

[1] https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf



The Honorable William C. Bryson
September 22, 2021
Page 5

trial. In light of the high likelihood that the claims will not survive reexamination, holding trial now would be a needless waste for (and an unnecessary health risk to) the jury, the Court, the court reporter, other court personnel, third-party and corporate witnesses, and teams of lawyers who would attend and prepare for trial.

### C. TC Tech will suffer no prejudice or clear tactical disadvantage from a stay.

TC Tech would not be unduly prejudiced by a stay. First, the law is clear that the delay inherent in a motion to stay is not "undue prejudice," and it alone cannot defeat a motion to stay. *See British Telecommunications*, 2020 WL 5517283, at *6 (collecting cases). Nor can the general interest in having one's patent rights promptly enforced defeat a motion to stay. *See id.* at *7. Rather, as a patent assertion entity, TC Tech will not be harmed or disadvantaged by a stay in any cognizable manner. It makes no products, has no market share, has no customers, is not a competitor of Sprint, and purchased the patent-in-suit for the sole purpose of filing this lawsuit. It is not asking for injunctive relief. This is simply a case about monetary damages, and if its patent survives reexamination, TC Tech can obtain whatever relief it is entitled to next year just as well as this year. *See VirtualAgility*, 759 F.3d at 1318 (recognizing that a stay "will not diminish the monetary damages to which [a patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"); *British Telecommunications*, 2020 WL 5517283, at *7 (collecting cases and recognizing that "[t]he absence of any specific hardship or inequity is a factor that weighs against a finding of undue prejudice").

## IV.   Conclusion

There is no justification for wasting the time and risking the health of the jurors, courtroom personnel, witnesses, and lawyers in the middle of a global pandemic just to keep a trial date on a 26-year-old, expired patent, which the patent office itself has now determined *should not have been granted* in the first place. The prudent course is to stay the litigation until the patent office makes its final decision, and only then, if trial is still necessary, schedule the trial. The case should be stayed.

Respectfully,

/s/ Stephen J. Kraftschik

Stephen J. Kraftschik (#5623)

SJK:ncf
cc: Counsel of Record (via E-Mail)
Enclosures