**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TC TECHNOLOGY LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 16-153-WCB |
| | § | |
| SPRINT CORPORATION and SPRINT | § | |
| SPECTRUM, L.P., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Sprint Corporation and Sprint Spectrum, L.P. (collectively, "Sprint") have filed a Renewed Motion for Summary Judgment in this case.  Dkt. No. 601.  Sprint argues that plaintiff TC Technology LLC ("TC Tech") made statements in an *ex parte* reexamination proceeding that resulted in a disavowal of claim scope, that the disavowal requires that claim construction in the case be revised, and that under the revised claim construction, TC Tech cannot show that Sprint has infringed TC Tech's asserted patent claims.  For the reasons set forth below, the motion is DENIED.

### 1. Background

Plaintiff TC Technology LLC ("TC Tech") filed this action on March 10, 2016, alleging that Sprint had infringed claims 1 and 2 of U.S. Patent No. 5,815,488 ("the '488 patent").  On March 23, 2021, after substantial pretrial activities had occurred in the district court, T-Mobile USA, Inc., ("T-Mobile") submitted a request for an *ex parte* reexamination of the two asserted claims by the United States Patent and Trademark Office ("PTO").  The reexamination was instituted, and after the PTO examiner issued a non-final office action rejecting both of the asserted

claims, I entered a stay of the district court proceedings.  Dkt. No. 596.  The examiner ultimately

confirmed the patentability of both claims, Dkt. No. 597, Exh. 1, and I lifted the stay, Dkt. No.

600.  Sprint now argues that TC Tech made statements to the examiner during the reexamination

that are inconsistent with TC Tech's infringement theory in this case, and that summary judgment

of noninfringement should therefore be granted.  Dkt. No. 602 at 1.

The present dispute relates to the "central location" limitation of both asserted claims.

Claim 1, which is representative, recites a "method for enabling a plurality of remote locations to

transmit data to a central location."  '488 patent, claim 1.  One of the limitations of claim 1 recites,

"at each remote location, utilizing a modulator to modulate said block of time domain data onto a

carrier signal for transmission to said central location, said carrier signal *having the same carrier*

*frequency for each remote location*."  *Id.* (emphasis added).  Earlier in this case, Judge Andrews

construed the "same carrier frequency" limitation to mean that "each and every 'remote location'

that transmits data to the 'central location'" must use the same carrier frequency.  Dkt. No. 354 at

13.  Judge Andrews later construed the term "central location" to mean "the equipment at a

physical location that performs the claimed functions of the 'central location.'"  Dkt. No. 452 at 6.

The parties dispute whether one of Sprint's accused base stations contains more than one

"central location," as claimed in the '488 patent.  Sprint argues that no central location may share

any equipment with another central location.  Dkt. No. 602 at 11–12.  TC Tech argues that each

sector of a base station may be considered a separate central location.  Dkt. No. 354 at 8.  Judge

Andrews ruled that the number of central locations within one of Sprint's accused base stations is

a question of fact.  *Id.* at 8–9.  I have accepted Judge Andrews' ruling on that issue, and I adhere

to it.

In instituting the reexamination and initially rejecting the asserted claims, the examiner relied upon PCT Patent Publication No. WO 94/11961 ("Kahre"). Dkt. No. 592, Exh. B, at 4. T-Mobile argued, and the examiner agreed, that the "base station" in Kahre corresponded to the "central location" limitation of the asserted claims. *Id.* at 12. TC Tech responded by arguing to the examiner that, accepting the proposition that the base station in Kahre constituted a central location (a proposition that TC Tech expressly reserved the right to dispute), Kahre did not teach the "same carrier frequency" limitation, because Kahre contemplated the use of multiple carrier frequencies by the same base station. Dkt. No. 599, Exh. A, at 38–39, 43. Sprint now argues that TC Tech's arguments to the examiner on that point had the effect of disclaiming patent coverage for any system in which the accused method involved the use of base stations containing more than one "central location." Dkt. No. 602 at 11.

### 2. Discussion

Under the doctrine of prosecution disclaimer, statements made during a reexamination proceeding can result in disavowal of claim scope if the alleged disavowal is "clear and unmistakable." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325–26 (Fed. Cir. 2003); *Northpeak Wireless, LLC v. 3COM Corp.*, 674 F. App'x 982, 986 & n.1 (Fed. Cir. 2016) (applying prosecution disclaimer to statements made in an ex parte reexamination). Sprint points to TC Tech's statement that "Kahre does not and cannot teach [the same carrier frequency limitation] of claim 1" as evidence of TC Tech's alleged disavowal. Dkt. No. 602 at 9 (quoting Dkt. No. 599, Exh. A, at 44). When read in context, however, that statement does not constitute a disavowal of claim scope.

TC Tech made clear in multiple instances that it was not disclaiming base stations that contain more than one central location. TC Tech pointed out to the examiner that in its view, "a

3

base station can contain numerous central locations depending on the architecture, configuration, software, and hardware employed." Dkt. No. 599, Exh. A at 38. However, TC Tech stated that, for purposes of argument, it was willing to "accept[] the Patent Office's contention that the entire Kahre base station is a single central location." *Id.* TC Tech reiterated that position in its discussion of the "same carrier frequency" limitation when it noted that the base station in Kahre was, "according to the Patent Office and [T-Mobile's expert]," the central location. *Id.* at 43.

TC Tech argued to the examiner that the base station in Kahre could not satisfy the "same carrier frequency" limitation because the base station in Kahre employs multiple carrier frequencies. *Id.* at 43. It is clear that TC Tech's statement that Kahre "does not and cannot teach" the "same carrier frequency" limitation was made in view of the examiner's assertion that the base station in Kahre represented the central location. *See id.* at 43–44. In the present litigation, TC Tech argues that each sector of each of Sprint's base stations is a central location, which is consistent with its position that a single base station employing multiple carrier frequencies cannot serve as the claimed central location. Whether or not TC Tech's distinction of Kahre is ultimately persuasive, TC Tech's infringement position is not inconsistent with the arguments it made during the reexamination.

Sprint further argues that even if TC Tech's statements do not amount to a disclaimer, Sprint is still entitled to summary judgment because "the claims do not permit any of the 'equipment' that constitutes the 'central location' . . . to service remote locations transmitting on multiple frequencies." Dkt. No. 602 at 11. That argument is simply a rehash of Sprint's previous summary judgment position that one of Sprint's base stations must be regarded as a single central location. *See id.* at 11–12; Dkt. No. 354 at 8. As noted, the question of how many central locations may be contained within one of Sprint's base stations is a question of fact. None of TC Tech's

statements made during the reexamination warrants revisiting that determination.  Sprint's motion

is therefore DENIED.

IT IS SO ORDERED.

SIGNED this 11th day of March, 2022.


WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE